[Civ. No. 30143. Fourth Dist., Div. Three. June 30, 1983.]

KELLIE JEAN GALLAGHER, Plaintiff and Respondent, v.
THOMAS CARL HERITAGE, Defendant and Appellant.

COUNSEL

Parker, Stanbury, McGee, Babcock & Combs and Michael J. Strickroth for Defendant and Appellant.

Norman & Tornell and Edward A. Tornell for Plaintiff and Respondent.

OPINION

**TROTTER, P. J.**—Defendant, Thomas Heritage (Heritage), appeals from a postjudgment order awarding costs to plaintiff, Kellie Gallagher (Gallagher).

We are asked to decide whether defendant's statutory offer to compromise, made pursuant to Code of Civil Procedure section 998, is revoked by

a subsequent oral offer thus removing statutorily imposed cost burdens and benefits. For reasons set out below, we hold it is not.

## FACTS

Gallagher sued Heritage for personal injuries and property damage. Following a court ordered arbitration hearing (Cal. Rules of Court, rule 1600) Gallagher was awarded $7,500, however Heritage requested a trial de novo (Cal. Rules of Court, rule 1616). On January 5, 1982, Heritage served Gallagher's attorney with an offer to compromise pursuant to Code of Civil Procedure section 998 in the sum of $6,001. It was not accepted. Shortly before trial, on May 19, an oral offer of $7,500 was made. It too was refused. The jury awarded Gallagher $4,000 in damages, and a memorandum of costs and disbursements was filed. Heritage also filed a memorandum of costs and a motion to tax plaintiff's costs. The court awarded Gallagher certain costs requested including those incurred after the section 998 offer was rejected, and granted her motion to tax defendant's costs in its entirety.

## DISCUSSION

Costs in the superior court are awarded following judgment in favor of plaintiff in an action for recovery of money or damages. (Code Civ. Proc., § 1032, subd. (a).) However, if plaintiff's recovery is within the jurisdictional limits of a lower court the award of costs is discretionary. (Code Civ. Proc., § 1032, subd. (d).)

To encourage pretrial disposition of litigation the Legislature enacted Code of Civil Procedure section 997[1] and its successor, Code of Civil Procedure section 998. (*Lum* v. *Superior Court* (1983) 141 Cal.App.3d 952 [190 Cal.Rptr. 599]; *Wear* v. *Calderon* (1981) 121 Cal.App.3d 818 [175 Cal.Rptr. 566]; *Pineda* v. *Los Angeles Turf Club, Inc.* (1980) 112 Cal.App.3d 53 [169 Cal.Rptr. 66]; *Brown* v. *Nolan* (1979) 98 Cal.App.3d 445 [159 Cal.Rptr. 469]; *Distefano* v. *Hall* (1968) 263 Cal.App.2d 380 [32 Cal.Rptr. 770].) These sections authorize the withholding or augmenting of otherwise allowable costs.

Section 998 provides in pertinent part: "(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section.

[1]Code of Civil Procedure section 997 repealed by Statutes 1971, chapter 1679, section 1, page 3605.

"(b) Not less than 10 days prior to commencement of the trial as defined in subdivision 1 of Section 581, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly. If such offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial.

"(c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant."

Heritage argues the award of postoffer costs to Gallagher clearly defeats the intent and purpose of the statute, i.e., to punish a plaintiff who fails to obtain a trial result more favorable than the offer made by defendant. We agree.

Relying on a statement in *Distefano,* Gallagher contends contract principles apply, and a subsequent offer revokes a prior one: "The trial court's reasoning here is in accord with general rules on offers—any new offer communicated prior to a valid acceptance of a previous offer extinguishes and replaces the prior one. [Citations.]" (*Distefano* v. *Hall, supra,* 263 Cal.App.2d at p. 385.)

However, we find that language to be limited to the peculiar facts before that court. *Distefano* dealt with two *statutory* offers.[2] The first (for $20,000), made before trial, which verdict was reversed on appeal (*Distefano* v. *Hall* (1963) 218 Cal.App.2d 657 [32 Cal.Rptr. 770]), and the second (for $10,000), before retrial. The verdict on retrial was $12,000. The defendants contended the plaintiff's rejection of the first offer insulated them from any costs thereafter incurred by the plaintiff unless the verdict exceeded $20,000. The trial court disagreed awarding the plaintiff appropriate costs. In affirming, the court in *Distefano* gave full application to the legislative intent of Code of Civil Procedure section 997. "We agree that the Legislature enacted section 997 of the Code of Civil Procedure for the

[2]Code of Civil procedure section 997.

purpose of encouraging the settlement of litigation without trial (*Bennett* v. *Brown,* 212 Cal.App.2d 685, 688 [28 Cal.Rptr. 485]). But we cannot attribute to the Legislature an intention to give less than full effect to the parties' reappraisals of the merits of their respective positions where a case has been tried, appealed and reversed for retrial. Under such circumstances, an offer of compromise made before the second trial pursuant to section 997 should clearly supersede that made before the first trial. To deny the parties this flexibility would actually discourage settlements and defeat the very purpose of the act." (*Distefano* v. *Hall, supra,* 263 Cal.App.2d at p. 385.)

We find a different rule compelled by the facts before us. Once a statutory offer is made and the time for acceptance expired, the offeror is cloaked with the protections provided in Code of Civil Procedure section 998. A subsequent oral offer will not diminish already vested benefits nor remove potential burdens from the offeree.

The issue is not resolved by a determination of whether contract law applies; for the answer is, it does and does not. The timeliness, manner and method of offer and acceptance, is set forth in Code of Civil Procedure section 998, subdivision (b).[3] Thus a section 998 offer must be timely made, in writing and accepted within 30 days and then a contract is formed. However, when an acceptance has not been effected under the terms of Code of Civil Procedure section 998, subdivision (b), contract law has no applicability. By its terms the offer has been withdrawn, but the statutorily imposed benefits and burdens remain. For these are the intended inducements to settlement (the potential of paying greater than ordinary costs and not receiving otherwise recoverable cost items unless a result more favorable than the offer is achieved). To allow them to be removed by a subsequent nonstatutory offer "would actually discourage settlements and defeat the very purpose of the act." (*Distefano* v. *Hall, supra,* 263 Cal.App.2d at p. 385.)

A second section 998 offer compels no different conclusion. If unaccepted it would clothe the offeror with the benefits and expose the offeree to the burdens, triggered by a different verdict amount. Such a rule will give full effect to the clear legislative intent and purpose of Code of Civil Procedure section 998. We find *Distefano* v. *Hall, supra,* to be *not* inapposite, but unique and confined to its facts.

Here the statutory offer of January 5, 1982, was not accepted; Gallagher's choice of trial carried with it statutory penalties unless a more favorable

[3] I.e., "[n]ot less than 10 days prior to commencement of the trial . . . any party may serve an offer in writing . . . . If such offer is not accepted prior to trial or within 30 days after it is made, . . . it shall be deemed withdrawn . . . ."

result was achieved. It was not. The second offer, since not accepted, did not remove those potential penalties for reasons previously stated. Gallagher is not entitled to recover costs from the time of the section 998 offer and must pay Heritage's costs from thenceforth.

Judgment is reversed and a new and different judgment shall be entered consistent with the findings herein.

Crosby, J., and Sonenshine, J., concurred.