[No. F002419. Fifth Dist. Dec. 28, 1984.]

VIRGINIA EVERS et al., Plaintiffs and Respondents, v.
ROYCE CRAIG CORNELSON, Defendant and Appellant.

[Opinion certified for partial publication.[1]]

---

1Parts I and II of this opinion are not published, because they do not meet the standards of publication contained in California Rules of Court, rule 976(b).

COUNSEL

R. W. Levy, Jim D. Mills, Richard A. Drace and George I. Lane for Defendant and Appellant.

Klein, Wegis & Duggan, Ralph B. Wegis and Greg Muir for Plaintiffs and Respondents.

OPINION

**BEST, J.**—In this action for damages for personal injuries arising out of an automobile accident, plaintiff Virginia Evers in June 1982 served an offer pursuant to Code of Civil Procedure section 998[2] to settle for $199,000. Defendant served an offer to settle for $100,001. Neither offer was accepted. At trial by jury, plaintiff was awarded $300,000. Plaintiff filed a cost bill totaling $26,924.89, of which $1,529.76 were normal costs under section 1032, and $25,395.13 were costs claimed pursuant to section 998. Defendant filed a motion to tax costs. Following a hearing and the filing of supplemental declarations and memoranda by counsel, the trial court awarded plaintiff costs totaling $27,814.24.

In this appeal defendant challenges costs awarded pursuant to section 998.

I*

. . . . . . . . . . . . . . . . . . . . . . . .

III

*Did the trial court abuse its discretion in allowing all of plaintiff's costs?*

Yes.

Defendant complains that certain items of costs awarded by the trial court were exorbitant and, therefore, unreasonable and the only evidence presented to support these costs was the hearsay declarations of plaintiff's counsel. ■ On the issue of whether the costs were exorbitant and unreasonable, the courts have consistently held that where a trial court has been vested with discretion to perform an act, and it so acts, its actions can only be set aside for an abuse of discretion. (*Irvine* v. *Perry* (1897) 119 Cal. 352 [51 P. 544]; *Hale* v. *Hale* (1935) 6 Cal.App.2d 661 [45 P.2d 246]; *Keogh* v. *Maulding* (1942) 52 Cal.App.2d 17 [125 P.2d 858].) As this court stated in *Huber, Hunt & Nichols, Inc.* v. *Moore* (1977) 67 Cal.App.3d 278, 315 [136 Cal.Rptr. 603]: "The trial court has discretion under Code of Civil Procedure section 998 to allow a prevailing party (as defined in the section) a reasonable sum to cover the costs of the services of expert witnesses. [Citation.] The trial court was in a far better position, having heard the entire case and observed the demeanor of witnesses, to exercise this discretion and determine what was a reasonable amount and what was rea-

---

[2]All references are to the Code of Civil Procedure unless otherwise indicated.

*See footnote 1, *ante,* page 310.

sonably necessary." As in the *Moore* case, we should not substitute our judgment over the judgment of the trial court in the absence of a clear showing of an abuse of discretion. Here, there has been no such showing on the issues of what was a reasonable amount and what was reasonably necessary.

█ As to defendant's attack on plaintiff's proof of her costs, generally, "[i]f items on their face appear to be proper charges, the verified memorandum of costs is *prima facie* evidence of their propriety, placing the burden of proof on the party attacking them." (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 113, p. 3265.)

Defendant contends that plaintiff failed to meet her burden of proof as to the reasonableness and necessity of costs. Specifically, defendant attacks plaintiff's counsel's declaration filed below in support of his opposition to defendant's motion to tax costs as hearsay, conclusionary and not based on counsel's personal knowledge. This issue, however, was not raised in the trial court and will therefore not be considered on appeal. Defendant could have presented the issue to the lower court in his supplemental memorandum in support of motion to tax costs. His failure to do so constitutes a waiver of the issue. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 276, pp. 4264-4265.)

*Miller* v. *Highland Ditch* (1891) 91 Cal. 103 [27 P. 536], relied upon by defendant in support of his contention, is distinguishable in that there the appellant did take exception to the trial court's ruling at the time of the motion to tax costs. (*Id.,* at p. 105.)

It remains for us to determine whether certain of plaintiff's claimed costs were improperly allowed by the trial court.

*Cost bill items 12 ($3,400) and 38 ($1,100) for Dr. W. B. Christiansen and 35 ($1,200) for Dr. R. Mitchell.*

█ Dr. Christiansen was plaintiff Virginia Evers' treating physician and referred her to Dr. Mitchell for psychiatric evaluation. Dr. Christiansen testified at trial. Dr. Mitchell did not.

In *Ellenberger* v. *Karr* (1982) 127 Cal.App.3d 423, 428 [179 Cal.Rptr. 583], expert witness fees identical to these were held not to be recoverable costs under section 998. █ Section 998, subdivision (g), limits costs to those specified in Government Code section 68092.5. Government Code section 68092.5 permits reasonable expert fees only when the witness testifies "solely" as an expert. We agree with the court in *Bureau of Medical*

*Economics* v. *Cossette* (1974) 44 Cal.App.3d Supp. 1 [118 Cal.Rptr. 242], wherein, after a comprehensive review of the legislative history underlying Government Code section 68092.5, the court states on page 9 of the opinion: "In reviewing the legislative history of this bill it is clear that, as introduced, it was intended to permit the court to compensate any person who qualified as an expert to receive compensation. Apparently the medical profession wanted to limit compensation to merely *physicians and surgeons.* They were unsuccessful. It applies to all experts. But the insertion of *'solely'* into the bill leads to the inescapable conclusion that in order for the expert to receive compensation for his expertise he must testify *solely* as an expert, unless, of course, there is a prior antecedent agreement for payment. If he is a percipient witness or examines, prescribes and treats the person and is called upon to testify upon these matters and in addition thereto is asked to express his opinion as to prognosis or other subjects upon which he is an expert he is not being called upon to testify *solely* as an expert and therefore cannot be compensated as an expert. He is entitled only to the regular witness fees as any other witness would be."

A physician who has rendered medical services to the patient by way of examination or treatment is subject to the power of subpoena and entitled only to ordinary witness fees. (*City and County of S. F.* v. *Superior Court* (1951) 37 Cal.2d 227, 234 [231 P.2d 26, 25 A.L.R.2d 1418].)

■ Moreover, the existence of a contract between plaintiff and the doctors for "fees for expert testimony," while binding on the parties, does not bind the court to find plaintiff entitled to reimbursement under section 998. (*Simmons* v. *Wexler* (1979) 94 Cal.App.3d 1007, 1015 [156 Cal.Rptr. 810].)

Subdivision (c) of Government Code section 68092.5 does protect the right of the expert to contractual recovery in lieu of reasonable compensation under subdivisions (a) and (b). However, the right is a private one between the parties to the contract. The reference in subdivision (g) of section 998 to such "costs" limits the fees to those "specified" in the Government Code section, which means those left to the discretion of the court, not those arising from contractual provisions for appearances at deposition or trial.

■ Plaintiff is entitled to recover only ordinary witness fees ($35) for Dr. Christiansen and not even those for Dr. Mitchell who did not testify at trial.

*Cost bill item 13 ($3,100) for Dr. D. C. Sheffel.*

■ Plaintiff claimed and the trial court allowed expert witness fees for Dr. Sheffel consisting of $1,400 for testifying at trial and $1,700 for studying medical records and medical texts in preparation for his testimony.

While conceding that Dr. Sheffel was a proper expert witness to qualify for section 998 costs, defendant contends that the $1,700 charge for the time the doctor spent preparing for his testimony is not a recoverable cost.

Plaintiff's counsel states in his declaration that Dr. Sheffel spent 8½ hours on trial preparation which included: review of medical records; review of other doctors' reports; review of 73 X-ray films; review of selected materials from certain medical texts totaling approximately 778 pages; and consultation with plaintiff's counsel with regard to the above. It appears reasonable to expect an expert witness who is going to testify at trial to prepare to be able to assist the jury on difficult issues. The more prepared the expert witness is, the more help he will be. The question is really whether the amount of time spent by Dr. Sheffel in preparing for trial was reasonable. The trial court found that this preparation was reasonably necessary and that the total cost was a reasonable amount. Again, absent a showing by defendant of an abuse of discretion, the trial court's findings will not be disturbed on appeal. (*Huber, Hunt & Nichols, Inc.* v. *Moore, supra,* 67 Cal.App.3d 278, 315; *Pomeroy* v. *Zion* (1971) 19 Cal.App.3d 473, 477-478 [96 Cal.Rptr. 822].)

*Cost bill item 34 ($495) for Dr. F. B. Armstrong.*

■ Dr. Armstrong is a board-certified orthopedic surgeon who limits his practice to disability evaluation. He was retained to conduct a medical examination of plaintiff Virginia Evers solely in preparation for trial testimony and, as a result of such examination, prepared an eight-page report which was provided to counsel for both parties. Dr. Armstrong did not testify at trial; however, it is clear that he was potentially an expert witness whose services were obtained in preparation for trial.

Defendant contends that the trial court improperly allowed Dr. Armstrong's fees as costs under section 998 because the doctor did not testify at trial. Plaintiff contends that as long as the expert at least aided in the preparation of the case for trial, reasonable costs are recoverable. We agree, so long as the expert is a potential witness.

■ Section 998 seeks to penalize a litigant who, in refusing a reasonable settlement offer, causes the other party to suffer the expenses of expert witnesses " 'reasonably necessary in either, or both, the preparation or trial of the case. . . .' " (*Gallagher* v. *Heritage* (1983) 144 Cal.App.3d 546, 549 [192 Cal.Rptr. 614], overruled on other grounds in *T. M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273, 280 [204 Cal.Rptr. 143, 682 P.2d 338].) Since the statute does not specify precisely the services for which costs are recoverable, the determination of allowable costs is largely within

the trial court's discretion. (*Balfour, Guthrie & Co.* v. *Gourmet Farms* (1980) 108 Cal.App.3d 181, 191-192 [166 Cal.Rptr. 422].)

*Cost bill item 36 ($2,335) for Dr. Martin Blinder.*

■ Dr. Blinder assisted plaintiff's counsel in evaluating and selecting jurors at trial. Plaintiff seeks to justify this cost as a vital service in the preparation for trial. However, in limiting the costs recoverable to the "costs of the services of expert witnesses" in section 998, it would be unreasonable to conclude that the Legislature intended to include the cost of services of all "experts" who might assist counsel in preparation for trial. Plaintiff's counsel conceded at oral argument herein that Dr. Blinder could not be considered even a "potential" expert witness. The trial court improperly allowed this item as a recoverable cost under section 998.

*Cost bill items 14 and 39 ($7,873.11) for Severy, Inc., accident reconstruction.*

David Blaisdell of Severy, Inc. was retained by plaintiff specifically to refute the testimony of defendant's accident reconstruction expert. Mr. Blaisdell testified at trial as an expert witness. Defendant challenges the items solely on the ground that the amount is "exorbitant." Once again, in the absence of a showing by defendant of an abuse of discretion, the trial court's findings that these services were reasonably necessary and that the total cost was reasonable in amount will not be disturbed on appeal.

■ *Cost bill items 31 ($1,756.80) for investigative costs and 33 ($1,893.60) for medical research by nurse S. G. Wobbe.*

Item 31 consists of investigative costs provided by investigators employed full time by plaintiff's counsel's firm. In his supplemental declaration filed with the trial court, counsel states, "Such services include the location and interview of witnesses and potential witnesses, inspection, measurement, and photographing of the scene of the accident, and the assistance provided to the attorney in making all witnesses available for trial in a timely manner."

Similarly, item 33 consists of services rendered by a registered nurse employed full time by plaintiff's counsel's firm. Counsel's supplemental declaration states, "Registered nurse's services, associated with both the preparation and trial of the matter, include: (1) Assembling, reviewing and indexing of all medical records; (2) Conducting medical research with regard to the injuries sustained by plaintiff and the future course of such injuries."

Plaintiff's contention that the investigative services and nurse's services aided the other expert witnesses is made for the first time on appeal. Therefore, there is no implicit finding by the trial court in allowing these costs that such services aided the testimony of other expert witnesses.

Alternatively, section 998 limits recoverable costs to "the services of expert witnesses . . . ." There was no showing before the trial court that either the investigators or nurse Wobbe were even "potential" expert witnesses and it was, therefore, an abuse of discretion for the court to allow these items as recoverable costs under section 998.

*Cost bill items 32 ($621.62) for photographs and graphics and 37 ($1,620) for Keith Alway, medical illustrations.*

Plaintiff relies on *Balfour, Guthrie & Co.* v. *Gourmet Farms, supra,* 108 Cal.App.3d 181 for her contention that these cost items were properly allowed by the trial court. In *Balfour,* the court held that the cost of enlarging a copy of a contract used by an expert in testifying was properly awarded under section 998.

In the present case, no showing was made in the trial court that any specific photographs or diagrams included within item 32 were utilized by expert witnesses either in preparation for trial or during testimony at trial. Nor has plaintiff called our attention to anything in the record on appeal which supports this contention. Plaintiff's counsel's supplemental declaration filed in the trial court states, "The above charges were for graphic art exhibits utilized in the trial of this matter, as well as photographs developed in the preparation for the trial of this matter and also utilized in the trial."

With reference to item 37, it appears that the medical illustrations referred to were not utilized by any of the expert witnesses during their testimony but, rather, were used by plaintiff's counsel during his arguments to the jury.

Upon this state of the record, cost bill items 32 and 37 were not authorized by the holding in *Balfour, Guthrie & Co.* v. *Gourmet Farms, supra,* and it was an abuse of discretion for the trial court to allow them as recoverable costs under section 998.

The judgment is modified by reducing the costs awarded under section 998 by the sum of $13,892.02, leaving total costs of $13,922.22 as part of the judgment. As modified the judgment is affirmed.

Andreen, Acting P. J., and Woolpert, J., concurred.