[No. G044718. Fourth Dist., Div. Three. Jan. 31, 2012.]

SALLY CHAABAN, Plaintiff and Appellant, v.
WET SEAL, INC., et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part X.

**COUNSEL**

Law Offices of Sima Fard and Sima Fard for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Ryan D. McCortney and Matthew M. Sonne for Defendants and Respondents.

**OPINION**

**BEDSWORTH, Acting P. J.—**

## INTRODUCTION

Sally Chaaban appeals from an order denying her motion to tax costs after a jury trial in which defendants prevailed. We affirm the order. We publish this opinion because of our holding regarding the recovery of expert fees under Code of Civil Procedure section 998, subdivision (c). ˙

## FACTS

Chaaban sued her employer, Wet Seal,[1] for wrongful termination in violation of public policy. Chaaban alleged Wet Seal fired her at the end of 2006 for refusing to work past her shift and in retaliation for complaining about not getting her statutorily mandated meal and rest breaks. Wet Seal, in turn, asserted that her employment was first suspended, then terminated, for leaving the company's Fashion Island retail outlet on the day after Christmas (one of the busiest retail days of the year) when only one other salesperson was working in the store.[2] Company policy forbids leaving a salesperson alone in a store during business hours. The jury returned a verdict in Wet Seal's favor.

---

[1] The defendants are Wet Seal Retail, Inc., and Wet Seal, Inc. Chaaban's actual employer was not specified, and the parties seem to have agreed to refer to both defendants collectively as Wet Seal. We adopt this practice.

[2] Wet Seal stores sell women's clothing and accessories.

Wet Seal filed a memorandum of costs claiming $29,770.67. Chaaban filed a motion to tax costs, objecting to a number of the items. With the exception of a small amount attributable to travel expense, the court denied the motion and allowed all of Wet Seal's costs. Chaaban appeals from this postjudgment order.

## DISCUSSION

Code of Civil Procedure[3] section 1033.5 sets forth the items that are and are not allowable as the costs recoverable by a prevailing party under section 1032, subdivision (b), "as a matter of right." As a defendant against whom Chaaban did not recover any relief (see § 1032, subd. (a)(4)), Wet Seal was unquestionably the prevailing party in this litigation and is entitled to recover its costs.[4] "The trial court's exercise of discretion in granting or denying a motion to tax costs will not be disturbed if substantial evidence supports its decision." (*Jewell v. Bank of America* (1990) 220 Cal.App.3d 934, 941 [269 Cal.Rptr. 671].) To the extent the statute grants the court discretion in allowing or denying costs or in determining amounts, we reverse only if there has been a " 'clear abuse of discretion' and a 'miscarriage of justice.' " (*Heller v. Pillsbury Madison & Sutro* (1996) 50 Cal.App.4th 1367, 1395 [58 Cal.Rptr.2d 336], quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58].) Interpreting a statute is, of course, a matter of law, which we review de novo. (*Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370, 1374 [29 Cal.Rptr.3d 306].)

### I. *Deposition and Fee of Miles Locker, Chaaban's Expert*

Miles Locker is an attorney whom Chaaban hired to testify at trial. He was so identified in an expert witness declaration served on December 31, 2009. On January 12, 2010, Wet Seal served a notice of his deposition, for February 4. Chaaban's counsel asserted that neither she nor the expert was available on February 4; accordingly the deposition was rescheduled for February 10, the day before the last day on which the issue conference for the trial (at that point set for Feb. 22) could take place. The Superior Court of Orange County, Local Rules, rule 317, required the parties to exchange motions in limine at the issue conference. The same rule requires the parties to submit the in limine motions to the court a week after the issue conference. Locker's deposition went forward on February 10, and Wet Seal ordered an expedited transcript, which doubled the cost.

---

[3] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[4] Chaaban's counsel inexplicably asserted in the declaration attached to the motion to tax costs that *Chaaban* was the prevailing party who obtained a net recovery. At the hearing on the motion, however, counsel denied asserting that Chaaban was the prevailing party.

Wet Seal excluded Locker as a trial witness by means of a motion in limine. Because Chaaban had turned down an offer to compromise pursuant to section 998 made on December 16, 2009, Wet Seal sought to recover as costs the amount it had paid Locker to depose him, in addition to the charges related to his deposition transcript.

Chaaban appeals from the denial of her motion to tax the Locker costs on several grounds. She first asserts Wet Seal was not entitled to the amount expended to expedite the transcript. She also claims Wet Seal was not entitled to be reimbursed for the fee it paid to her expert, only for its own experts' fees. Finally, she argues she should not have to reimburse Wet Seal for Locker's fee because he was not allowed to testify at trial, having been excluded by Wet Seal's motion in limine.[5] None of these contentions has any merit.

Section 998, subdivision (c)(1) sets forth the conditions under which a defendant may recover expert fees after a plaintiff has rejected an offer to compromise: "[T]he court . . . , in its discretion, may require the plaintiff to pay a reasonable sum to cover the costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial . . . or during trial . . . of the case by the defendant." This subdivision is intended to encourage plaintiffs to settle, eliminating the need for a trial. In effect, it punishes a plaintiff who does not accept a reasonable offer from a defendant. (*Culbertson v. R. D. Werner Co., Inc.* (1987) 190 Cal.App.3d 704, 711 [235 Cal.Rptr. 510].)

As a matter of law, Wet Seal was entitled to apply to the court for the amount it expended in February 2010 "in preparation for trial," to secure Locker's deposition testimony. There is no dispute that Wet Seal actually paid Locker $2,500 for the time he spent testifying at the deposition. Chaaban does not argue that this amount is unreasonable. The remaining question is whether substantial evidence supports the court's exercise of its discretion in determining that this amount was "reasonably necessary" to prepare for trial.

Chaaban argues on appeal that because Locker did not testify at trial, thanks to the in limine motion, his expert fee was not "reasonably necessary." This argument has a certain surreal circularity to it. How, one might ask,

---

[5] We note that the minute order of November 30, 2010, regarding the motion to tax costs omits a ruling on the issue of expert fees, section eight of the cost memorandum. It is clear, however, that the issue was thoroughly argued at the hearing on the motion, and the court ruled at that time. Both sides have argued this issue on appeal. Under these circumstances, we deem the reporter's transcript controlling. (See *People v. Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152]; *People v. Prochnau* (1967) 251 Cal.App.2d 22, 24 [59 Cal.Rptr. 265]; see also *In re Josue G.* (2003) 106 Cal.App.4th 725, 731, fn. 4 [131 Cal.Rptr.2d 92].)

could Wet Seal move to exclude Locker's testimony unless it knew what that testimony would be? In order to find out, it had to take his deposition. Now Chaaban asserts the cost of that deposition is not recoverable because it showed the proposed testimony to be excludable.

■ Section 68092.5, subdivision (a), of the Government Code required Wet Seal to pay Locker the fee he charged for depositions in order to obtain the testimony on which to base its motion in limine. Substantial evidence supports the court's exercise of its discretion in determining that the expert fee paid to Locker was reasonably necessary to prepare for trial. (See *Stiles v. Estate of Ryan* (1985) 173 Cal.App.3d 1057, 1066 [219 Cal.Rptr. 647] [fees for experts who testified on conceded issue properly awarded as costs]; *Evers v. Cornelson* (1984) 163 Cal.App.3d 310, 317–318 [209 Cal.Rptr. 497] [fee of potential expert witness recoverable as cost even if expert does not actually testify].)

Chaaban also argues the amount of the Locker fee should have been denied because section 998 permits reimbursement only for fees paid to a defendant's experts. This is a question of statutory interpretation, reviewed de novo. (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 797 [101 Cal.Rptr.2d 167].)

■ Chaaban bases her argument on section 998, subdivision (d), which does not apply to the present case. Subdivision (d) applies to offers made by plaintiffs to defendants. Subdivision (c)(1) of section 998, which covers offers made by defendants to plaintiffs, applies here. The subdivision contains no limitation on the source of an expert; it allows recovery of costs incurred for "the services of expert witnesses," without qualification as to the sponsoring side. The question is whether Wet Seal can recover the fee it expended on Chaaban's expert.

■ We have not found any published opinions directly addressing this issue. The policy behind section 998, however, supports the principle that a nonsettling plaintiff is at least potentially liable under subdivision (c) for all of the expert fees a defendant was required to pay. "[T]h[e] policy [underlying section 998, subdivision (c)] is plain. It is to encourage settlement by providing a strong financial disincentive to a party—whether it be a plaintiff or a defendant—who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer. (This is the stick. The carrot is that by awarding costs to the putative settler the statute provides a financial incentive to make reasonable settlement offers.)" (*Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 804 [12 Cal.Rptr.2d 696, 838 P.2d 218], superseded by statute on other grounds.) Furthermore, an award of expert fees under section 998, subdivision (c) is always discretionary, unlike other costs to which a prevailing party is entitled as a matter of

right. (3 Cal.4th at p. 804.) The stick portion of section 998's carrot-and-stick incentive is better served by including all experts within its purview. We therefore hold that section 998, subdivision (c) gives the trial court the discretion to award the defendant's expert fees, regardless of whose witness the expert is, in the event that the plaintiff fails to obtain a more favorable judgment or award, pursuant to the terms of the statute.

■ Finally Chaaban argues the fees were not recoverable because the court did not order Locker's testimony. (See § 1033.5, subd. (b)(1).) This argument assumes only section 1033.5 applies to costs in this case; Chaaban ignores the explicit statutory language of section 998, subdivision (a): "The costs allowed under Sections 1031 and 1032 shall be withheld *or augmented* as provided in this section." (Italics added.) Section 998 allows a prevailing party to recover fees paid to experts under the specific circumstances outlined in the statute *in addition to* the costs allowable under sections 1032 and 1033.5, such as court-ordered experts. (See *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 1000 [73 Cal.Rptr.2d 682, 953 P.2d 858].)

As for the extra cost paid to expedite the deposition transcript, the trial court found that Wet Seal had satisfactorily accounted for the need to obtain a transcript in a hurry, because motions in limine had to be exchanged the next day at the issue conference mandated by the local rules of court. At that point, trial was scheduled to start within less than two weeks, on February 22. Although Wet Seal had noticed Locker's deposition for February 4, Chaaban's counsel represented that it had to be postponed because she and the deponent were not available. The evidence before the court supported the court's determination this was a proper charge, and it cannot be disturbed on appeal. (See *Heller v. Pillsbury Madison & Sutro, supra,* 50 Cal.App.4th at p. 1396 [expert witnesses deposed close to trial; expedited transcripts costs justified].)

## II. *Expert Fees of Francine Kulick, Defendants' Expert*

Francine Kulick, a forensic psychologist, testified for Wet Seal regarding Chaaban's alleged emotional distress damages. Wet Seal claimed costs in the amount of $6,740 for her preparation time, trial testimony, and travel time. The court denied Chaaban's motion to tax these costs and allowed the full amount requested.

Chaaban argues on appeal that Kulick's invoices do not match the amounts claimed in the cost memorandum. We have examined both the invoices and the amounts set forth in the cost memorandum. They appear to us to match with respect to the hours billed, and Chaaban has not specified any discrepancy.

Chaaban also objects to Kulick's charges of a flat $2,000 for a half-day of trial testimony plus time charged separately for travel ($593.75). The grounds for these objections are not entirely clear. Chaaban appears to be arguing that Kulick's flat rate for trial testimony was excessive—because she testified for only an hour and "her testimony was not at all useful"—and that she should not have charged for travel time in addition to charging for trial testimony.

Given the defense verdict, Chaaban's assessment of the usefulness of Kulick's testimony is somewhat lacking in persuasive force. Moreover, expert witnesses routinely charge by the day or half-day for trial testimony; this practice compensates them for having to wait outside the courtroom before they testify, as frequently happens, and for arranging their work schedules to be sure they are available. In any event, the reasonableness of Kulick's fees was a matter for the trial court's discretion, which may not be disturbed on appeal absent a clear abuse of discretion and a miscarriage of justice.[6] (*Heller v. Pillsbury Madison & Sutro, supra,* 50 Cal.App.4th at p. 1395; see also *Evers v. Cornelson, supra,* 163 Cal App.3d at pp. 316–317.) Neither appears here.

## III. *Deposition of Lorena Ochoa*

Lorena Ochoa managed the Fashion Island Wet Seal store where Chaaban worked. She was also the employee left on her own when Chaaban departed on December 26, 2006. Chaaban listed Ochoa as a potential witness, and, in fact, Ochoa did testify at trial. Wet Seal claimed $1,936.51 for transcribing and videotaping Ochoa's deposition on January 4, 2010. Section 1033.5, subdivision (a)(3), permits a prevailing party to recover the cost of "[t]aking, video recording, and transcribing necessary depositions including an original and one copy of those taken by the claimant . . . ."

At the hearing on the motion to tax costs, Chaaban's counsel pointed out, for the first time, that the court reporter put the wrong case number on the invoice for the deposition transcript.[7] This error, she claimed, meant that the deposition was taken in another case, and its cost should have been excluded entirely. Chaaban maintains this objection on appeal.

The court determined that the Ochoa deposition for which Wet Seal was claiming costs was indeed taken in the present action, the court reporter's

---

[6] Chaaban has also misrepresented the record by arguing that it was "unclear what documents Dr. Kulick would have reviewed for seven hours . . . ." On the contrary, the record of the documents this witness reviewed is very clear; she reviewed Chaaban's deposition testimony and the deposition testimony of six other witnesses and potential witnesses as well as the complaint, some interrogatory responses, some of Chaaban's trial testimony and the pertinent medical records.

[7] Chaaban and Ochoa are plaintiffs in a separate wage-and-hour class action against Wet Seal, and the case number on the invoice was the number of the class action.

error notwithstanding. Substantial evidence, in the form of pages from the Ochoa deposition transcript showing not only the correct caption, the correct case number, the correct date, and the deponent's name but also the presence of Chaaban's counsel at the Ochoa deposition in this case, supports the court's determination.

## IV. *Deposition of Summer Myers*

Myers was another Wet Seal employee, one who worked mainly at other Wet Seal stores and had been present only a few times at the Fashion Island store where Chaaban was employed. Wet Seal deposed her and claimed $1,447.58 in costs for transcribing and videotaping her deposition. Myer testified briefly at trial, both in and out of the presence of the jury. Chaaban tried, unsuccessfully, to introduce certain time records into evidence through Myers's testimony.

■ Chaaban argues that, because she was unable to introduce the exhibits into evidence through Myers, her deposition was unnecessary, and Wet Seal should therefore not recover the fees expended in deposing her.[8] The recovery of deposition costs does not depend on whether the deponent ultimately testifies at trial. (See *Culbertson v. R. D. Werner Co., Inc., supra*, 190 Cal.App.3d at pp. 711–712 [nature of plaintiff's case determines necessity of discovery].) The standard is whether the cost is "reasonably necessary to the conduct of the litigation." (§ 1033.5, subd. (c)(2).) Chaaban identified Myers as a potential witness during discovery, put her on the witness list, and, in fact, called her as a witness at trial. The court was well within its discretion to allow Wet Seal to recover the amounts expended in deposing her.

## V. *Two-day Deposition of Dr. Adel Boutros*

Chaaban listed Dr. Boutros, her treating physician, on her expert witness declaration, and Wet Seal took his deposition over two days. Chaaban asserted that Wet Seal was entitled to recover the cost for only one day of his deposition and that the charge for expediting the first transcript should not be allowed. The court denied the motion and approved the deposition expenses for both days.

The reason Boutros's deposition spanned two days, as Wet Seal explained, was that Chaaban's counsel adjourned it on the first day after about half an

---

[8] Chaaban also argues that the deposition cost item was inflated by "several miscellaneous items not allowed under statute." Chaaban does not identify these "miscellaneous items," and an inspection of the cost memorandum reveals only charges for transcribing and videotaping the deposition, both of which are expressly allowed. (§ 1033.5, subd. (a)(3).)

hour, before substantive questioning could begin, because of a dispute over paying his fee. Wet Seal obtained an ex parte order to reconvene the deposition, and it went forward on another day.

Chaaban presented no evidence that the second day of the deposition duplicated the first day in any respect. It is also clear the deposition had to be continued for a second day because her counsel called a halt on the first day over a fee issue that apparently had already been resolved between Boutros and Wet Seal's counsel. Substantial evidence supports the court's determination the deposition costs were appropriate and its decision to deny Chaaban's motion on this issue.

## VI. *Jury Fees*

 Wet Seal claimed $1,091.75 for seven days' worth of jury fees. Section 1033.5, subdivision (a)(1) provides for the recovery of jury fees as costs, and the court allowed Wet Seal to recover these fees.

Chaaban argues that the amount paid for jury fees should be cut in half because she already paid half the fees. The invoices from the superior court attached to the cost memorandum, which sometimes combined jury fees and court reporter fees, clearly show the amounts in question were those billed to and paid by Wet Seal alone. Chaaban's argument is completely without merit.

## VII. *Court Reporter Fees*

Wet Seal asked for $2,250 in court reporter fees. Section 1033.5, subdivision (a)(11) includes "[c]ourt reporter fees as established by statute" among the items allowable as costs.

Chaaban argues that this amount should not have been allowed because section 1033.5, subdivision (b)(5) does not permit charges for "[t]ranscripts of court proceedings not ordered by the court" as costs. These charges are not for transcripts. They are for court reporter fees, an entirely different expense. The parties have to pay the court reporter regardless of whether anyone orders transcripts.

Chaaban also makes the same argument about court reporter fees that she did about jury fees—they should be cut in half because she already paid half the fees. The documentation submitted with the memorandum of costs

establishes that these are the court reporter fees billed to and paid by Wet Seal alone.[9] Neither of these arguments has any merit.

## VIII. *Photocopies of Trial Exhibits*

Wet Seal claimed $589.50 for photocopying trial exhibits. Section 1033.5, former subdivision (a)(12) explicitly allowed a prevailing party to recover the cost of "photocopies of exhibits . . . if they were reasonably helpful to aid the trier of fact," in this case, the jury.

Chaaban argues that Wet Seal should not be allowed to recover these costs because the evidence was presented to the jury through audiovisual equipment, not paper exhibits. While this is true, Chaaban overlooks the fact that counsel (for both sides), the witnesses, and the judge all used paper exhibits, in trial binders evidently provided by Wet Seal. Without these exhibits, it would have been even more difficult to conduct this trial than it already was. In addition, copies of those exhibits admitted into evidence went into the jury room. The court properly exercised its discretion in allowing these costs as helpful to aid the trier of fact. (Cf. *Balfour, Guthrie & Co. v. Gourmet Farms* (1980) 108 Cal.App.3d 181, 192 [166 Cal.Rptr. 422] [enlargement of contract used by expert during testimony properly allowed as cost].)

## IX. *Travel Costs*

Wet Seal attended two out-of-town depositions, and Chaaban objected to some of the travel costs incurred as a result. Section 1033.5, subdivision (a)(3), permits a prevailing party to recover "travel expenses to attend depositions." The court granted Chaaban's motion for one hotel night ($179) for one witness and denied it as to the rest of the disputed amounts for travel.

Substantial evidence supports the court's exercise of discretion as to the amount claimed for travel expenses. Wet Seal submitted all the bills, and Chaaban did not dispute the amounts they showed. She also did not dispute the necessity of the depositions themselves. Instead, she objected to paying for hotels, car rentals, gas, and parking.

The statute allows the recovery of costs for "travel expenses," which term presumably includes more than just plane tickets for out-of-town depositions.

---

[9] Chaaban claimed in the trial court that because Wet Seal submitted the court's invoices twice—once for jury fees and once for court reporter fees—Wet Seal was trying to recover the same charges twice. The court took the court reporter fees issue under submission and checked with the clerk to make sure that the amounts Wet Seal was claiming were accurate. The court subsequently denied Chaaban's claim that the amounts had been doubled. Chaaban reasserts this argument on appeal.

The court did not abuse its discretion in allowing the costs of travel to and from depositions in New Mexico and Texas.

X. *Plaintiff's Counsel's Conduct*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order denying Chaaban's motion to tax costs is affirmed. Appellant is to bear all costs on appeal.

O'Leary, J., and Fybel, J., concurred.

A petition for a rehearing was denied February 24, 2012, and appellant's petition for review by the Supreme Court was denied May 9, 2012, S200792.

---

\*See footnote, *ante*, page 49.