Filed 8/28/24  NEWest Construction Co. v. City of Carlsbad CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NEWEST CONSTRUCTION COMPANY, INC., | D083799, D083939 |
| Plaintiff and Appellant, | (Super. Ct. No. 37-2020-00046237-CU-BC-NC) |
| v. | |
| CITY OF CARLSBAD, | |
| Defendant and Respondent. | |

CONSOLIDATED APPEALS from an order and judgment of the Superior Court of San Diego County, Robert Dahlquist, Judge.  Affirmed.

Monteleone & McCrory, Patrick J. Duffy, and Martha Eager for Plaintiff and Appellant.

Procopio, Cory, Hargreaves & Savitch, Laurence R. Phillips, and Mike Nolan for Defendant and Respondent.

MEMORANDUM OPINION

NEWest Construction Company, Inc. (NEWest) appeals from an order and judgment awarding costs and expert witness fees to the City of Carlsbad (City).  We find no error and affirm.

The underlying dispute relates to a public works construction contract between the City and NEWest. After NEWest sued the City in 2021, the City filed an answer with affirmative defenses, including one for offset. (See Code Civ. Proc., § 431.70.)[1] In 2022, the City made a section 998 offer to resolve the dispute for $200,000. NEWest did not accept or respond to the City's offer. After a jury trial in 2023, the jury returned a verdict in NEWest's favor in the amount of $279,821.34, but awarded an offset to the City in the amount of $230,378.00, for a net recovery to NEWest of $49,443.34—considerably less than the City's $200,000 section 998 offer.

Before entry of judgment, the City filed a memorandum of costs seeking costs and expert witness fees under section 998. NEWest filed a motion to strike or tax the costs and an addendum with additional arguments. The City opposed the motion. After a hearing, the court awarded costs and section 998 expert witness fees to the City totaling $393,109.40. It then entered judgment for the City. NEWest appealed both the costs order and judgment, and we have consolidated the two appeals.

NEWest challenges the costs award on six grounds. We find none to be persuasive.

First, NEWest contends that the City's memorandum of costs was premature because no judgment had been entered yet. But "the premature filing of a memorandum of costs is treated as 'a mere irregularity at best' that does not constitute reversible error absent a showing of prejudice. [Citations.] Rather, courts treat prematurely filed cost bills as being timely filed." (*Haley v. Casa Del Rey Homeowners Assn.* (2007) 153 Cal.App.4th 863,

---

1      Unless otherwise stated, all further statutory references are to the Code of Civil Procedure.

880.)  Because NEWest failed to demonstrate any prejudice, the trial court properly treated the costs bill as being timely filed.

Second, NEWest argues that expert witness fees under section 998 may not be sought or awarded by way of a memorandum of costs.  The law is to the contrary.  Section 998 "fees may be claimed in a cost bill; there is no rule requiring a noticed motion." (*Jonkey v. Carignan Construction Co.* (2006) 139 Cal.App.4th 20, 27.)

Third, NEWest argues that the trial court abused its discretion by finding that the City's expert witness fees were reasonable.  According to NEWest, the trial court "ignored the evidence presented to it" demonstrating that the fees for the City's expert, ACEC Consultants, Inc. (ACEC), were excessive because ACEC purportedly charged "more than 120 hours to cut-and-paste information from one exhibit to another and/or insert colored arrows onto preexisting exhibits."

Nothing in the record demonstrates that the trial court "ignored" ACEC's evidence.  A trial court is "not required to mention every arguably pertinent item of evidence before it, let alone explain in minute detail its view of each item." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 565 [appellant's claim that trial court "disregarded" evidence was not supported by court's "failure to refer [to it] in its statement of decision"].)  Absent an affirmative showing to the contrary, we must presume that the court considered all the evidence and properly applied the law.  (See, e.g., *Jones v. Solgen Construction, LLC* (2024) 99 Cal.App.5th 1178, 1192; *McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103; Evid. Code, § 664.)

Ironically, it is NEWest that has ignored the contrary evidence supporting the trial court's order.  In response to NEWest's argument about

ACEC's fees below, the City submitted a declaration from ACEC's president explaining that NEWest had "misinterpret[ed] the invoices to suggest nearly all of [his] time spent following [his] deposition related to summaries that were marked as exhibits at his deposition." He explained that this was "false"; that he had only spent 11.25 hours to modify the deposition exhibits; and that "[t]he vast majority of the post-deposition work related to reviewing the files, deposition transcripts, and trial exhibits in order to prepare to testify and respond to [NEWest's expert]'s opinions." He further explained that he "engaged in multiple meetings with the City's counsel to review relevant evidence and to prepare for [his] trial testimony" and he "prepared summaries of all [his] opinions, supporting evidence, and evaluations relating to other experts' opinions . . . in the form of a power-point presentation that was edited and revised numerous times to ensure all relevant evidence was evaluated." Finally, he noted that ACEC actually charged the City less than what NEWest's corresponding expert charged for his work. This was ample support for the trial court's implied finding that ACEC's fees were reasonable—especially given the trial judge's intimate familiarity with the issues and the expert testimony presented by both sides at trial.

Fourth, NEWest asserts that the City's section 998 offer was invalid because, even if it had been accepted, the City could still have asserted its offset claims against NEWest by way of an affirmative complaint. In both the trial court and on appeal, the City responded to this contention by arguing it would have been precluded from bringing such an affirmative complaint because its claims against NEWest were compulsory cross-claims. (§ 426.30, subd. (a) ["Except as provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he

4

has against the plaintiff, such party may not thereafter or in any other action assert against the plaintiff the related cause of action not pleaded."].) We presume the trial court accepted the City's argument on this point. NEWest has made no contrary argument and cited no authorities in response—either in the trial court or on appeal. We therefore deem the issue forfeited. (*Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743 [appellant bears burden of making coherent legal argument supported by authority].) We are not bound to develop NEWest's arguments for it. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Fifth, NEWest claims that the amount of the City's $200,000 section 998 offer was unreasonable under the circumstances and not made in good faith. This argument is forfeited because it was not made in the trial court. (*Reid v. City of San Diego* (2018) 24 Cal.App.5th 343, 357 (*Reid*).) In any event, the jury's net award of approximately $50,000 is prima facie evidence that the City's $200,000 offer was reasonable, and NEWest has failed to meet its burden of establishing an abuse of discretion. (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1264 ["the trial result itself constitutes prima facie evidence that the offer was reasonable, and the burden of proving an abuse of discretion is on appellants, as offerees, to prove otherwise"].)

Sixth, NEWest asserts that the trial court's award of $23,691.00 for court reporter costs was excessive. Once again, NEWest did not make this argument in the trial court. NEWest only argued that the requested court reporter fees were not recoverable and should be stricken in their entirety because the trial court did not order the parties to use a court reporter. (See § 1033.5, subd. (a)(9) [allowing costs of "[t]ranscripts of court proceedings ordered by the court"].) NEWest's separate claim of excessiveness is therefore forfeited. (*Reid, supra*, 24 Cal.App.5th at p. 357.) Moreover, the

5

costs sought by the City were not for transcripts, but for court reporter services, which are separately recoverable and need not be ordered by the court.  (§ 1033.5, subd. (a)(11) [allowing costs of "[c]ourt reporter fees as established by statute"]; *Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 58 [distinguishing between costs for transcripts ordered by the court and costs for court reporter fees, "an entirely different expense"].)

## DISPOSITION

The judgment and costs order are affirmed.  Respondent is entitled to recover its costs on appeal.


BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


KELETY, J.

6