Filed 2/10/14  Kronick v. Mackston CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WENDY KRONICK et al., | B245492 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. SC109096) |
| v. | |
| ROBERT MACKSTON, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Gerald Rosenberg, Judge.  Affirmed.

Wendy Kronick and Joseph L. Shalant in pro.per.

Doherty & Catlow, John Doherty for Defendant and Respondent.

Wendy Kronick sued Robert Mackston over an incident involving her dog at the neighborhood park. Mackston cross-complained against Kronick and her ex-husband, Joseph Shalant. Shalant was dismissed from the case prior to trial. After a six day jury trial, Kronick lost on her complaint, and Mackston lost on his cross-complaint. Consequently, all three litigants were prevailing parties pursuant to Code of Civil Procedure section 1032.

Three cost bills were filed. Shalant filed a Memorandum of Costs for $14,520.86; Kronick sought $8,279.48, and Mackston requested $15,995.93. Multiple motions to tax costs were filed and considered by the court. The court awarded Shalant $6,445.85 in costs against Mackston, Kronick $5,609.48 in costs against Mackston, and Mackston $13,305.93 in costs against Kronick.

Kronick and Shalant appeal the orders. Kronick maintains the trial court abused its discretion by finding that the travel expenses incurred by Mackston's parents to attend the trial were reasonable costs of the litigation, while Shalant contends the court erred in taxing $8,075 of his costs. We find no error, and so affirm the orders.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

The lawsuit arose out of a confrontation between Kronick and Mackston at the Corona Del Mar Park, a private park in Pacific Palisades maintained by the local homeowners association for the use of association members. Kronick filed suit against Mackston, alleging causes of action for assault and intentional infliction of emotional

---

[1] Appellants requested that, pursuant to Evidence Code section 452, subdivision (d), this court take judicial notice of a declaration of Mackston's attorney, John Doherty, "because it relates directly to his (and respondent's) credibility" with respect to the costs at issue in this case. This court does not assess issues of credibility; we therefore deny the request.

distress.[2] Mackston cross-complained against Kronick and Shalant,[3] alleging, as to both cross-defendants, defamation, intentional infliction of emotional distress, abuse of process, declaratory relief, and in the event Kronick prevailed on her complaint, contribution and indemnity. Mackston also sued Kronick alone for negligence in the control of her dangerous animal and for filing a false police report.

Mackston dismissed his cross-complaint against Shalant, and most of his cross-complaint against Kronick, prior to trial. Shalant then filed a Memorandum of Costs seeking the sum of $14,520.86 from Mackston. Mackston moved to strike and/or tax costs. The trial court granted the motion, striking $8,366.11, consisting of jury fees, notary fees, deposition costs, and service of process costs. The court later issued a minute order nunc pro tunc correcting mathematical errors in its prior order. The corrected total of costs stricken from Shalant's cost bill was the sum of $8,075.01.

The case proceeded to trial on Kronick's causes of action for assault and intentional infliction of emotional distress, and on Mackston's cause of action for negligence in the handling of Kronick's dog, resulting in a dog bite.

The evidence relevant to this appeal is as follows: Kronick testified that on August 6, 2010, she was seated on a bench at the park listening to music on her iPod with her 7-month old Dalmatian puppy at her feet when Mackston snuck up behind her and, without provocation, forcefully kicked her dog. Words were exchanged, and as she left the park walking some distance behind Mackston, he turned around, came back toward her, stood within two to three feet of her, and with his fist up said, "I'm going to hurt you" or "'I'm going to kill you,' or something like that."

Offering a different version of events, Mackston testified that Kronick's dog was lying on the ground behind the bench on which Kronick was sitting, wearing earphones,

---

[2] Mackston moved for, and was granted, judgment on the pleadings with respect to a third cause of action entitled "Enforcement of Contractual Ban Preventing Defendant's use of Private Park."

[3] Additional cross-defendants were dismissed prior to trial, and are not before us on this appeal.

as he was walking on the path behind the bench. Just after he walked past the dog, the animal bit him on the back right calf. Kronick removed the earphones and stood up; Mackston informed Kronick that her dog had just bitten him, and asked her to control the animal. She responded with hostility, saying, "'Get out of here. You are not supposed to be in here. This is a dog park,' something to that effect."

As noted above, the jury returned a special verdict in which Mackston prevailed on Kronick's complaint and Kronick prevailed on Mackston's cross-complaint.

Mackston filed his Memorandum of Costs as the prevailing party on Kronick's complaint; he sought $15,955.93 in costs. Kronick filed an opposition pleading entitled "Opposition to Defendant/Cross-Complainant's Cost Bill." After a hearing, the court awarded Mackston $13,305.93 in costs against Kronick.[4]

Kronick appeals that order. Specifically, she challenges the $2,484.80 in costs awarded for travel expenses incurred in flying Mackston's parents from New York to Los Angeles so that his mother could testify concerning the bite wound she observed and treated the day after the incident in the park. In addition, Shalant appeals the trial court's order taxing $8,075.01 of his costs.

## DISCUSSION

1. *The trial court did not abuse its discretion in granting in part and denying in part Mackston's Motion to Strike or Tax Shalant's Costs*

Code of Civil Procedure section 1032 provides for the recovery of costs by the prevailing party as a matter of right. However, a prevailing party's right to recover costs is not absolute. Costs are allowable if the trial court determines that they were incurred by the requesting party, are "reasonably necessary to the conduct of the litigation" and are "reasonable in amount." (Code of Civ. Proc. § 1033.5, subd. (c).)

---

[4] Kronick was also awarded costs as a prevailing party on the cross-complaint. That award is not challenged on appeal.

As a prevailing party on Mackston's cross-complaint, Shalant filed a Memorandum of Costs requesting a total of $14,520.86. Mackston moved to tax costs, arguing that the items of costs were not reasonably necessary for Shalant to defend the allegations of the cross-complaint.

The trial court disallowed $8,075.01 of Shalant's requested costs, consisting of $7,011.85 in deposition costs, $150 in jury fees, $30 in notary fees, and $883.16 for service of process costs. The court found that the jury fees were refundable, and that the remaining disallowed costs were "related to Plaintiff's claim that she was assaulted in the park by Defendant and . . . do not lead to evidence of the claims set forth in the cross-complaint."

Shalant contends the trial court abused its discretion in striking these costs. He states that Mackston sued him "on multiple charges that essentially involved the same factual charges leveled against Kronick." Consequently, he reasons that it was reasonable for him to defend the cross-complaint by proving that Kronick's version of events was true and Mackston's false. Shalant deposed almost two dozen witnesses in an effort to establish that Mackston lied when he said that Kronick's dog bit him, principally by undermining his credibility.[5]

The determination of items allowable as costs is largely a question of fact for the trial court to determine, in its discretion. When the record is devoid of any showing of an improper exercise of such discretion, an appellate court will not disturb that determination on appeal. (*Von Goerlitz v. Turner* (1944) 65 Cal.App.2d 425, 432; *Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.) An appellant must point to an abuse of discretion by the trial judge to win a reversal of an order taxing costs. (*County of Kern v. Galatas* (1962) 200 Cal.App.2d 353, 360.) Discretion is abused only when, in its exercise, the trial court "exceeds the bounds of reason," all of the circumstances before it being considered. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

---

[5] Because there were no witnesses to the Kronick/Mackston encounter in the park, there was no direct, third-party evidence to contradict Mackston's testimony that Kronick's dog bit him.

Here, the trial judge was in the best position to determine the appropriateness of the costs and whether the evidence contained in the disallowed depositions was relevant to Shalant's defense of the cross-complaint. While it is true that the pleading had its genesis in the confrontation at the park between Kronick and Mackston, it did not allege that Shalant was directly liable for the injury Mackston suffered as a result of the dog bite (based, for example, on Shalant's ownership or control of the dog), such that proof that the dog bite did not happen would result in a defense verdict for Shalant. Rather, Mackston claimed that if he were found liable to Kronick on her complaint for assault, he would be entitled to indemnity and/or contribution from Shalant based on the latter's unspecified conduct. While this cause of action may well have been vulnerable to a demurrer, it cannot reasonably be read as Shalant proposes, that is, to seek to impose liability on Shalant for the dog bite. Similarly, the additional causes of action against Shalant are not dependent upon whether or not Mackston was bitten, but allege defamation, intentional infliction of emotion distress, and abuse of process.

In short, Shalant has failed to establish that the trial court abused its discretion in granting in part and denying in part Mackston's motion to tax costs. (See *Van Goerlitz v. Turner, supra,* 65 Cal.App.2d at p. 432.)

2. *The Trial Court did not abuse its discretion when it denied Kronick's motion to strike as a permissible cost the expense incurred by Mackston in flying his parents from New York to Los Angeles for trial*

Mackston's mother, Sandra Mackston, testified at trial that on August 7, 2010, her son and his family arrived in New York for a week-long visit. Upon arrival, Mackston showed his mother a wound on his right calf, which he explained was the result of a dog bite the previous day. Having been an emergency room nurse for 30 years, she recognized the wound as a dog bite, treated it, instructed her son in its ongoing care, and recommended that he have it examined by a doctor to ensure against infection.

Included in Mackston's Memorandum of Costs was $2,484.80 for travel expenses for his mother and father. Mackston explained that his elderly mother was confined to a

6

wheelchair and therefore needed the assistance of an attendant in order to travel. He also explained that the airfare was higher than usual because tickets could not be purchased ahead of time due to continuances in the trial's commencement. Kronick objected to these costs, but the trial court allowed them.

Kronick appeals that order. She contends that the Code of Civil Procedure and case law limits allowable witness travel costs to $60, and that costs for an octogenarian attendant are not recoverable under Code of Civil Procedure section 1033.5.

Code of Civil Procedure section 1033.5 sets forth the items which are allowable as costs. Subdivision (c)(4) of that statute provides: "Items not mentioned in this section . . . may be allowed or denied in the [trial] court's discretion." In considering whether to allow such costs, the court must determine whether the costs were reasonably necessary and reasonable in amount. (Code Civ. Proc., § 1033.5, subd. (c).) "'The trial court's exercise of discretion in granting or denying a motion to tax costs will not be disturbed if substantial evidence supports its decision.' (*Jewell v. Bank of America* (1990) 220 Cal.App.3d 934, 941.)" (*Chaaban v. Wet Seal, Inc., supra,* 203 Cal.App.4th at p. 52.)

Here, in support of her cause of action for assault, Kronick testified that Mackston falsely claimed that he was bitten by her dog on the afternoon of August 6, 2010. Mrs. Mackston's testimony that, on August 7, 2010, she treated what appeared to be a recent dog bite on Mackston's leg, supports Mackston's version of events and undermines Kronick's assault claim. As a retired emergency room nurse, Mrs. Mackston was qualified to testify that the wound was consistent with a dog bite. Consequently, there is sufficient evidence in the record to support the trial court's finding that Mrs. Mackston was a necessary witness to Mackston's defense of Kronick's claim of assault.

Mackston also offered evidence that due to his mother's health problems, she required an attendant in order to travel, and further explained that the travel costs were higher than usual because the trial was continued several times, making discounted travel unavailable. Thus, there was substantial evidence for the conclusion that the requested travel expenses were both reasonably necessary and reasonable in amount.

In sum, contrary to Kronick's contention, the trial court had discretion to award travel costs in excess of 20 cents per mile for roundtrip travel totaling 300 miles. For the reasons set forth above, the court acted within its discretion in awarding Mackston the costs incurred in flying his parents to Los Angeles for the trial.

DISPOSITION

The orders of the trial court are affirmed. Mackston is awarded his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

MOSK, ACTING P. J.

KRIEGLER, J.

---

[*]     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.