Filed 7/16/24  McCluskey v. Hendricks CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| VERONICA McCLUSKEY, | B331457 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC671735) |
| WILLIAM E. HENDRICKS, JR., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Lia Martin, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Veronica McCluskey, in pro. per.; Law Office of Michael Mogan and Michael S. Mogan for Plaintiff and Appellant.

Miller Wanner, Kathrin A. Wanner and Kirsten E. Miller for Defendants and Respondents.

_____

Defendants and respondents William E. Hendricks, Jr., and Roxanne Hendricks and plaintiff and appellant Veronica McCluskey (McCluskey) were very briefly Airbnb cohosts in the rental of an apartment owned by defendants. When their relationship soured, this litigation ensued. After multiple motions and a trial, the trial court entered judgment in favor of defendants on McCluskey's complaint and in favor of Mr. Hendricks on his cross-complaint against McCluskey. McCluskey appealed, and we affirmed the judgment in full. (*McCluskey v. Hendricks* (June 27, 2023, B318445) [nonpub. opn.].)

Following the entry of judgment, the trial court awarded costs to defendants. McCluskey appeals, arguing that the trial court erred in denying her motion to tax certain categories of costs.

We agree with defendants that court reporter fees are recoverable, but transcript preparation costs are not. Because it appears that the trial court awarded transcript costs in the lump sum of court reporter fees requested by defendants, the matter must be remanded for the limited purpose of determining the amount of recoverable court reporter fees.

## PROCEDURAL BACKGROUND[1]

Judgment was entered in favor of defendants and against McCluskey on December 3, 2021.

Defendants timely filed a memorandum of costs. As is relevant to the issues in this appeal, defendants requested costs

---

[1] A detailed discussion of the facts that gave rise to this drawn out litigation is set forth in *McCluskey v. Hendricks*, *supra*, B318445.

for (1) filing and motion fees, and (2) McCluskey's deposition, electronic filing and service, and court reporter fees.

McCluskey moved to tax costs. The trial court granted her motion in part, striking $1,592.80 in messenger services after the e-filing mandate and awarding defendants $24,308.77.

This timely appeal ensued.

## DISCUSSION

### I. *Standard of review*

As the parties agree, we review "[a] costs award . . . for abuse of discretion. [Citations.] This means we must determine 'whether the trial court exceeded the bounds of reason.'" (*El Dorado Meat Co. v. Yosemite Meat & Locker Services, Inc.* (2007) 150 Cal.App.4th 612, 617.) The appealing party bears the burden of demonstrating an abuse of discretion. (*Hooked Media Group, Inc. v. Apple Inc.* (2020) 55 Cal.App.5th 323, 338.)

"[T]he determination of whether the trial court had the statutory authority to make such an award is a question of law that we review de novo. [Citation.]" (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 460.)

### II. *Relevant law*

"[A] prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).)[2] The statutes governing the award of costs create three categories of costs: (1) those specifically enumerated as "allowable" (§ 1033.5, subd. (a)); (2) those specifically enumerated as "not allowable . . . except when expressly authorized by law" (§ 1033.5, subd. (b)); and (3) those "not

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

mentioned" in the statutes, which are recoverable "in the court's discretion" (§ 1033.5, subd. (c)(4)).  (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 71.)  Any costs awarded must be "reasonably necessary to the conduct of the litigation" and "reasonable in amount."  (§ 1033.5, subds. (c)(2) & (3).)

"The opposing party may move to strike or tax costs. [Citations.]"  (*Rojas v. HSBC Card Services Inc.* (2023) 93 Cal.App.5th 860, 892.)

Courts employ a burden-shifting analysis.  The prevailing party bears the initial burden of establishing prima facie entitlement to the recovery of costs, which it meets if its verified cost bill "'appears proper on its face.'"  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 855; *Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774 (*Ladas*).)  The nonprevailing party then bears the burden of making a "proper[] object[ion]" to specific costs in a motion to tax.  (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1265; see also *Hooked Media Group, Inc. v. Apple Inc.*, *supra*, 55 Cal.App.5th at p. 338 ["The objecting party has the burden to show that a cost item is unrecoverable because it was not necessary to the litigation"].)

III.  *Analysis*

A.  <u>Court reporter costs</u>

Defendants requested $20,133.12 in court reporter fees. McCluskey argues that the trial court should have taxed this entire amount.

Section 1033.5, subdivision (a)(11), allows for the recovery of "[c]ourt reporter fees as established by statute."  "[I]f an official court reporter is not available, a party may arrange for, at the party's expense, the presence of a certified shorthand reporter to

4

serve as an official pro tempore reporter. At the arranging party's request, the court shall appoint the certified shorthand reporter to be present in the courtroom and serve as the official reporter pro tempore unless there is good cause shown for the court to refuse that appointment. The fees and charges of the certified shorthand reporter shall be recoverable as taxable costs by the prevailing party as otherwise provided by law." (Gov. Code, § 68086, subd. (d)(2); see also Cal. Rules of Court, rule 2.956(c)(1) [if a party arranges for a private court reporter, "[i]t is that party's responsibility to pay the reporter's fee for attendance at the proceedings, but the expense may be recoverable as part of the costs"].) "Costs are allowable if incurred, whether or not paid." (§ 1033.5, subd. (c)(1).)

The trial court did not abuse its discretion in finding that the private court reporter fees at trial were reasonably necessary to the conduct of the litigation. It is undisputed that defendants used rough transcripts prepared by the court reporter to have an ongoing record of the proceedings, and used them to conduct the trial. The parties also used the transcripts in connection with McCluskey's posttrial motions. And, McCluskey used the transcripts in connection with her prior appeal. Thus, defendants are entitled to recover their costs for court reporter fees, regardless of whether they were actually paid.

That said, we agree with McCluskey that fees for transcripts are not recoverable. (§ 1033.5, subd. (b)(5) ["'[t]ranscripts of court proceedings not ordered by the court'" are not recoverable]; *Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 58 ["court reporter fees [are] an entirely different expense" than transcripts, and "[t]he parties have to pay the court reporter regardless of whether anyone orders

5

transcripts"].) There is no indication that the trial court ordered transcripts of any court proceedings. And, after reviewing the appellate record, it appears that the invoice for the court reporter fees included the costs for transcripts. The matter must be remanded to the trial court to determine which costs are recoverable court reporter fees and which costs are not recoverable for transcript preparation.

B. <u>Costs in connection with McCluskey's deposition</u>

Defendants requested costs associated with McCluskey's deposition. McCluskey argues that the costs for her deposition were not reasonably necessary to the conduct of the litigation and should have been taxed. (See § 1033.5, subd. (a)(3).) This argument is ridiculous at best. Taking a plaintiff's deposition is standard and necessary in any case, particularly here when that transcript was used in connection with defendants' motion for summary judgment.

C. <u>Costs in connection with motions</u>

Defendants requested costs associated with filing and motion fees. McCluskey suggests that costs incurred in connection with motions are only recoverable if the moving party is successful. She also asserts that costs associated with the filing of motions for sanctions against her attorney are not recoverable. As the trial court noted, no legal authority supports these novel contentions. (*Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.) And she offers no argument that these costs were either unnecessary to the litigation or unreasonable in cost. (§ 1033.5, subds. (c)(2) & (3).)

D. <u>E-filing and messenger costs</u>

McCluskey argues that the trial court should have taxed defendants' costs incurred with e-filing and messengers. We

disagree.  Messenger and courier charges are allowed if supported by evidence that they were reasonably necessary. (*Ladas*, *supra*, 19 Cal.App.4th at p. 776.)  And, based upon the evidence presented, that is exactly what the trial court found when it determined that all messenger services prior to the e-filing mandate were reasonably necessary.

We reject McCluskey's assertion that instead of e-filing documents, defendants' counsel should have traveled to the courthouse to file any documents.  Defendants represent that "industry practice is not for lawyers to deliver or file documents themselves."  McCluskey offers no evidence to the contrary.  Her conclusory statement that these costs were unnecessary is insufficient to demonstrate an abuse of discretion.  (*Whitehead v. Habig* (2008) 163 Cal.App.4th 896, 903.)

## DISPOSITION

The order is affirmed in part and reversed in part.  The matter is remanded to the trial court for a determination as to the amount of court reporter fees, exclusive of transcripts, recoverable.  Parties to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, Acting P. J.
ASHMANN-GERST

We concur:

_____, J.
CHAVEZ

_____, J.
HOFFSTADT