[Civ. No. 60633. Second Dist., Div. Three. July 22, 1981.]

KEVIN PAUL WEAR, Plaintiff and Appellant, v.
DELPHINA CALDERON, Defendant and Respondent.

**COUNSEL**

Jerome Zamos for Plaintiff and Appellant.

Henderson, Rogers, Sheffield, Henderson & Rafferty and Dennis W. Leski for Defendant and Respondent.

**OPINION**

**COBEY, J.**—Plaintiff, Kevin Paul Wear appeals from the portion of a judgment awarding defendant, Delphina Calderon, as costs, expert witness fees in the amount of $1,001.45 pursuant to section 998 of the Code of Civil Procedure.[1] The sole question on appeal is whether the $1

---

[1]Hereafter all code section references are to the Code of Civil Procedure, unless otherwise mentioned.

The appeal before us is actually from the judgment on the several verdicts. The trial court made orders after this judgment expressly allowing the costs at issue. Pursuant to

pretrial written offer of settlement that Calderon made in order to qualify for such extra costs was reasonable and responsive to the legislative purpose of encouraging the settlement of litigation without trial. We think not and therefore we will delete from the judgment the award of costs under appeal.

## FACTS

Plaintiff, Kevin Paul Wear, a passenger, filed a complaint for damages for personal injuries sustained in an automobile collision against the owners and operators of the two automobiles involved, including Delphina Calderon. She denied liability and on October 5, 1979, served plaintiff with an "Offer to Compromise Under C.C.P. Section 998" for the sum of $1. The compromise was apparently rejected. The subsequent jury trial resulted in a verdict in favor of plaintiff against the owners and operators of the automobile in which plaintiff was riding. The jury's verdict was in favor of Calderon, the owner and operator of the other automobile.

Following the entry of judgment Calderon filed a cost bill which included, pursuant to section 998, the expert witness fees at issue.[2] Plaintiff moved to tax these costs, among others. After a hearing upon the motion the trial court awarded these costs to Calderon.

## DISCUSSION

Section 998, subdivisions (a), (b) and (c) provide in relevant part: "(a) The costs allowed under Section . . . 1032 shall be . . . augmented as provided in this section.

"(b) Not less than 10 days prior to commencement of the trial as defined in subdivision 1 of Section 581, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly . . . .

---

rule 2(c) of the California Rules of Court, we have treated the notice of appeal as a valid premature notice.

[2]Such expert witness fees are not otherwise recoverable as costs. (See 15 Cal.Jur.3d, Costs, § 59, pp. 669-670.)

"(c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his costs and shall pay the defendant's costs from the time of the offer. In addition, . . . the court, in its discretion, may require the plaintiff to pay . . . a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in the preparation or trial of the case by the defendant."

We believe that in order to accomplish the legislative purpose of encouraging settlement of litigation without trial (see *Brown* v. *Nolan* (1979) 98 Cal.App.3d 445, 449 [159 Cal.Rptr. 469]), a good faith requirement must be read into section 998. In other words, the pretrial offer of settlement required under section 998 must be realistically reasonable under the circumstances of the particular case. Normally, therefore, a token or nominal offer will not satisfy this good faith requirement, particularly where, as here, there is no cross-complaint.

Such a situation obtains in this case. Here, plaintiff did not ask for a specific sum of damages in his aforementioned complaint, but, in view of the fact that the jury awarded him $18,500 in damages, he must have been seeking a substantial sum in damages in this litigation, and defendant Calderon must have so understood. A plaintiff may not reasonably be expected to accept a token or nominal offer from any defendant exposed to this magnitude of liability unless it is absolutely clear that no reasonable possibility exists that the defendant will be held liable. If that truly is the situation, then a plaintiff is likely to dismiss his action without any inducement whatsoever. But if there is some reasonable possibility, however slight, that a particular defendant will be held liable, there is practically no chance that a plaintiff will accept a token or nominal offer of settlement from that defendant in view of the current cost of preparing a case for trial.[3]

This was the rationale in the recent, well reasoned decision in *Pineda* v. *Los Angeles Turf Club, Inc.* (1980) 112 Cal.App.3d 53, 53 [169 Cal.Rptr. 66]. There both the trial and appellate courts concluded that a settlement offer of $2,500 made by a defendant was so disproportionate to the plaintiff's demand of $10 million that it was not reasonable

---

[3]We note further in this case that long after the making of Calderon's offer of settlement for $1, Calderon assured plaintiff that she did not intend to call any expert witnesses.

and that the offeror had no expectation that it would be accepted. (*Id.* at pp. 62-63.) From this circumstance the court concluded that the "sole purpose of the offer was to make [defendant] eligible for the recovery of large expert witness fees at no real risk." (*Id.* at p. 63.)

We believe that the same situation obtains with respect to the token offer at issue. We will, therefore, reverse the award of expert witness fees for which defendant Calderon was eligible only under section 998.

## DISPOSITION

The judgment under appeal is modified by deleting therefrom the award of expert witness fees as costs in the sum of $1,001.45. As so modified, it is affirmed. Costs on appeal are awarded appellant.

Klein, P. J., and Potter, J., concurred.