63 Cal.App.4th 1258 (1998)
PATRICIA A. JONES et al., Plaintiffs and Appellants,
v.
ANEK DUMRICHOB, Defendant and Respondent.
Docket No. A079635.
Court of Appeals of California, First District, Division Two.
May 13, 1998.
*1260 COUNSEL
Richard W. Freeman, Jr., for Plaintiffs and Appellants.
*1261 La Follette, Johnson, De Haas, Fesler & Ames, John L. Supple, Peter E. Theophilos and Kristi A. Schifrin for Defendant and Respondent.
OPINION
RUVOLO, J. 

I

INTRODUCTION
Appellants Patricia A. Jones and Steven Jones[1] appeal the trial court's award of $5,440 in expert witness fees under Code of Civil Procedure section 998 as a discretionary item of costs. Appellants contend the trial court abused its discretion in awarding these costs and that respondent failed to present "competent and admissible" evidence to support the expert fees claimed. We affirm.

II

STATEMENT OF FACTS
After Patricia underwent a bunionectomy at Sutter Lakeside Hospital (Sutter), she noticed bruising on her upper legs and inner thighs, as well as an unusual stain on her underwear. Patricia and Steven thereafter filed a complaint against Sutter and respondent Anek Dumrichob, M.D. (Dumrichob), her attending anesthesiologist, alleging negligence, battery, sexual battery, and loss of consortium.
On June 4, 1996, respondent served appellants an offer to compromise pursuant to Code of Civil Procedure[2] section 998 which stated that "[respondent] Anek Dumrichob, M.D. hereby offers to allow judgment to be taken against him for a waiver of costs." Appellants rejected the offer. Sutter and respondent thereafter filed motions for summary judgment. The court granted only Sutter's motion. The case against respondent proceeded to trial in late January 1997. A unanimous jury returned a special verdict in favor of respondent, finding that he did not batter or sexually batter Patricia.
Following trial, respondent filed a verified memorandum of costs reflecting total claimed costs of $14,555.46, which included expert witness fees of *1262 $5,440. Subsequently, appellants filed a timely motion to tax costs challenging the propriety of respondent's claim for expert witness fees. The hearing on appellants' motion was held on May 19, 1997, after which the trial judge issued an order awarding respondent his costs, finding that the section 998 offer was properly made by the respondent, and that the costs were "reasonable and necessary" in the defense of the case.
Appellants filed this timely appeal.

III

DISCUSSION
(1) We review the trial court's award of expert witness fees as a section 998 discretionary item of costs using an abuse of discretion standard. (Evers v. Cornelson (1984) 163 Cal. App.3d 310, 314 [209 Cal. Rptr. 497].) (2a) Appellants first contend that the trial court abused its discretion in awarding respondent discretionary costs because the section 998 offer to compromise was not a reasonable offer, but rather a token, tactical one made only to preserve the right to later claim these disputed costs.
The version of section 998, subdivision (c) in effect at the time of respondent's 1996 offer to compromise provided: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer.... In addition ..., the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, ... actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant."
(3) The purpose of section 998 is to encourage the settlement of litigation without trial. (Brown v. Nolan (1979) 98 Cal. App.3d 445, 449 [159 Cal. Rptr. 469].) To effectuate the purpose of the statute, a section 998 offer must be made in good faith to be valid. (Wear v. Calderon (1981) 121 Cal. App.3d 818, 821 [175 Cal. Rptr. 566] (Wear).) Good faith requires that the pretrial offer of settlement be "realistically reasonable under the circumstances of the particular case. Normally, therefore, a token or nominal offer will not satisfy this good faith requirement, ..." (Id. at p. 821.) The offer "must carry with it some reasonable prospect of acceptance. [Citation.]" (Elrod v. Oregon Cummins Diesel, Inc. (1987) 195 Cal. App.3d 692, 698 [241 Cal. Rptr. 108] (Elrod).) One having no expectation that his or her offer will *1263 be accepted will not be allowed to benefit from a no-risk offer made for the sole purpose of later recovering large expert witness fees. (Pineda v. Los Angeles Turf Club, Inc. (1980) 112 Cal. App.3d 53, 63 [169 Cal. Rptr. 66] (Pineda).)
In Wear, after a judgment in favor of the defendant, the trial court awarded defendant costs including expert witness fees based on the plaintiff's pretrial rejection of defendant's section 998 compromise offer of $1. The Court of Appeal deleted the award of expert witness fees from the cost award and affirmed the modified judgment. In so doing, the court determined that a section 998 offer must also be made in good faith. (Wear, supra, 121 Cal. App.3d at p. 821.) Because it appeared the defendant made the offer for the sole purpose of later recovering large expert witness fees, the court concluded that the $1 settlement offer did not satisfy the good faith requirement. (Id. at p. 822.)
In Pineda, plaintiffs in a wrongful death action sought damages of $10 million and the defendant made a section 998 compromise offer of $2,500. On plaintiffs' motion to tax costs, the trial court concluded the defendant's offer was not reasonable. The Court of Appeal agreed that the defendant's offer was unrealistically and disproportionately low in comparison to the plaintiffs' enormous potential exposure. (Pineda, supra, 112 Cal. App.3d at p. 63.)
(2b) Appellants' reliance on Wear and Pineda is misplaced since both are factually distinguishable. In Wear, the record supported a conclusion that the $1 offer was made solely to enable defendant to recover expert expenses, and not because it was realistically related to its potential liability. Plaintiff in Wear recovered $18,500 against other defendants, indicating his claim manifestly had merit. (Wear, supra, 121 Cal. App.3d at pp. 821-822.) In Pineda, the court determined that the exposure to defendant was "enormous" despite liability being "tenuous." (Pineda, supra, 112 Cal. App.3d at p. 63.) Unlike the record in these cases, appellants offer nothing more than the blithe assertion that the cases are analogous, stating that respondent made a similarly "unrealistic and unreasonable" offer solely in order to "gain a strategic advantage." Appellants can point to nothing in the record to support their contention factually.
Also, unlike Wear and Pineda, respondent's offer demonstrably did have significant monetary value. Appellants overlook the fact that in offering to have judgment entered against him, respondent was also waiving his considerable cost bill against which appellants' likelihood of success in the case must have been weighed. No such conditional offer was made in either Wear or Pineda.
*1264 Moreover, appellants have failed to establish that the absence of a net monetary sum as part of a pretrial statutory settlement offer constitutes a per se violation of the good faith requirement. To the contrary, case law interpreting the good faith requirement allows for great flexibility in customizing pretrial settlement offers. Expounding on the latitude allowed parties in formulating settlement offers, the court in Goodstein v. Bank of San Pedro (1994) 27 Cal. App.4th 899, 906 [32 Cal. Rptr.2d 740], noted: "[T]he statute does not indicate any intent to limit the terms of the compromise settlement or the type of final disposition." Another court concluded that even a "modest settlement offer" may be in good faith if it is believed the defendant has a significant likelihood of prevailing at trial. (Culbertson v. R.D. Werner Co., Inc. (1987) 190 Cal. App.3d 704, 710 [235 Cal. Rptr. 510].) These two cases clarify that section 998 does not confine an offeror to strict content-based rules, but rather imposes only the flexible parameters of the good faith requirement on the formulation of a section 998 offer.
We find no abuse here in the trial court's making a discretionary award of expert witness fees. Facially, respondent's offer carried a significant value to appellants because, if accepted, it would have eliminated appellants' exposure to the very costs which are the subject of this appeal, a sum appellants can hardly claim now to be de minimis. We are not obliged to ignore the reality that respondent prevailed at trial. In fact, the trial result itself constitutes prima facie evidence that the offer was reasonable, and the burden of proving an abuse of discretion is on appellants, as offerees, to prove otherwise. (Elrod, supra, 195 Cal. App.3d at p. 700.)
Appellants have failed to overcome the presumption of reasonableness by references to the record. Considering that the determination of the good faith and reasonableness of a section 998 compromise offer is left to the sound discretion of the trial court (Elrod, supra, 195 Cal. App.3d at p. 700), appellants' failure to designate the reporter's transcript of the trial as part of the record on appeal leaves this court with no evidence upon which to base a finding that the trial court abused its discretion in determining that respondent's section 998 offer was reasonable. Given this omission, and unlike the trial judge, we are unable to evaluate independently the strength of appellants' case on the merits. Therefore, on this record, it would be speculative to make that assessment ourselves, or to reject the trial court's judgment. (Puppo v. Larosa (1924) 194 Cal. 721, 723 [230 P. 440].)
(4) We next dispose of appellants' contention that the expert fees respondent claimed and recovered were incurred at the behest of the dismissed codefendant, Sutter. Appellants make this claim despite a declaration by respondent's attorney that respondent and Sutter agreed to split the expert *1265 witness fees for Dr. Lunde. The declaration further indicates that the amount requested for Dr. Lunde's services in the verified memorandum of costs reflects half of the total amount actually billed. Appellants are correct that because they properly objected to respondent's verified memorandum of costs, the burden shifted to respondent to prove his costs. (Ladas v. California State Auto. Assn. (1993) 19 Cal. App.4th 761, 774 [23 Cal. Rptr.2d 810] (Ladas).) Once costs claimed in the memorandum are challenged via a motion to tax, "[d]ocumentation must be submitted" to sustain the burden. (Bach v. County of Butte (1989) 215 Cal. App.3d 294, 308 [263 Cal. Rptr. 565] (Bach).)
We find nothing in the case law, the statute, or rule 870(a)(1) of the California Rule of Court[3] regarding prejudgment costs which prohibits reliance on the declaration of counsel as documentation of the items claimed. Furthermore, submitted at the same time as counsel's declaration was a copy of Dr. Singler's bill, with a copy of Dr. Lunde's bill being presented at the hearing on appellants' motion. Appellants offered no evidence challenging the validity or sufficiency of the declaration, but rather make the unsubstantiated statement that respondent did not incur Dr. Lunde's fees. In the absence of any evidence contradicting the authenticity of the documentation submitted, we conclude respondent's proof met the statutory requirements and was adequate to establish the cost-sharing agreement between the codefendants.
Appellants argue further that the challenged costs occurred prior to respondent's 1996 section 998 compromise offer, and are therefore not recoverable even as a discretionary item of costs under section 998 which provides for payment of the offeror's costs "from the time of the offer." However, appellants fail to mention that section 998, subdivision (c) in effect at the time of respondent's offer additionally provided that "... the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, ... actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant." (Italics added.) While respondent did incur some of the costs claimed prior to making his offer, the former version of the statute allowed the trial court to award these costs. The statute clearly indicated that discretionary costs may be recoverable for services performed both in the preparation or trial of the case. Respondent produced the bills of both doctors reflecting services directly related to preparation of the case as well as his expert witness designation naming both doctors as potential expert witnesses at the trial. Thus, respondent produced sufficient documentation *1266 verifying the doctors' services in preparation for the trial to support the court's discretionary award of expert fees.
Appellants next contend respondent failed to sustain his burden of proving that the claimed expert fees were reasonable and necessary as mandated by section 998. (5) If items on their face appear to be proper charges, the verified memorandum of costs is prima facie evidence of their propriety, and the burden is on the party seeking to tax costs to show they were not reasonable or necessary. "On the other hand, if items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (Ladas, supra, 19 Cal. App.4th at p. 774.) However, whether a cost item was reasonably necessary is still a question of fact to be decided by the trial court. (Ibid.)
The materials submitted by respondent included respondent's disclosure of expert witnesses and the declaration of counsel which accompanied the disclosure, all as required by section 2034.[4] From these documents, particularly when coupled with the balance of information provided in opposition to the motion, the court was able to determine the necessity of the involvement of two disputed experts, even if they did not appear at trial. No counter-declarations or other rebuttal documents were proffered by appellants to support factually the conclusory challenge to the necessity of the items in question. This court in Rappenecker v. Sea-Land Service, Inc. (1979) 93 Cal. App.3d 256, 266 [155 Cal. Rptr. 516], concluded that a party's "mere statements in the points and authorities accompanying its notice of motion to strike cost bill and the declaration of its counsel are insufficient to rebut the prima facie showing [that the costs were necessarily incurred]." In light of appellants' similar failure to make any showing beyond their own pleadings, it follows that appellants have not sustained their burden of proof to show that the claimed costs were unnecessary.
Finally, appellants claim respondent failed to meet his burden of proof that the costs incurred were reasonable because respondent presented no "competent or admissible" evidence to support the discretionary award of the expert witness fees claimed.
*1267 Section 1034, subdivision (a) requires that prejudgment costs must be "claimed and contested in accordance with rules adopted by the Judicial Council." Accordingly, rule 870(a)(1) relating to prejudgment costs states in pertinent part: "The memorandum of costs shall be verified by a statement of the party, attorney, or agent that to the best of his or her knowledge the items of cost are correct and were necessarily incurred in the case." Initial verification will suffice to establish the reasonable necessity of the costs claimed. There is no requirement that copies of bills, invoices, statements, or any other such documents be attached to the memorandum. Only if the costs have been put in issue via a motion to tax costs must supporting documentation be submitted. (Bach, supra, 215 Cal. App.3d at p. 308.) Once this occurs, the issue becomes whether the required documentation must be of evidentiary quality. Rule 870(a)(1) does not specify the type of documentation required.
(6) To the extent appellants claim the bills for Drs. Lunde and Singler provided at the hearing on the motion to tax costs constituted hearsay evidence, the bills fall within a narrow but long-recognized exception to the hearsay rule. The genesis of this exception appears to be in Pacific Gas & E. Co. v. G.W. Thomas Drayage etc. Co. (1968) 69 Cal.2d 33 [69 Cal. Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373], where the Supreme Court articulated a rule of limited admissibility for such records: "Since invoices, bills, and receipts for repairs are hearsay, they are inadmissible independently to prove that liability for the repairs was incurred, that payment was made, or that the charges were reasonable. [Citations.] If, however, a party testifies that he incurred or discharged a liability for repairs, any of these documents may be admitted for the limited purpose of corroborating his testimony [citations]; and if the charges were paid, the testimony and documents are evidence that the charges were reasonable. [Citations.]" (Id. at pp. 42-43; see also Imperial Cattle Co. v. Imperial Irrigation Dist. (1985) 167 Cal. App.3d 263 [213 Cal. Rptr. 622] (Imperial Cattle Co.), disapproved on other grounds in Bunch v. Coachella Valley Water Dist. (1997) 15 Cal.4th 432, 444 [63 Cal. Rptr.2d 89, 935 P.2d 796].)
This same exception has been applied to the contested admissibility of a dental bill to prove medical expenses incurred as damages in McAllister v. George (1977) 73 Cal. App.3d 258 [140 Cal. Rptr. 702]. In rejecting defendant's objection that the bill was hearsay, the court noted: "In the circumstances of this case this contention lacks merit. Plaintiff testified that the dental services were performed, that he received a bill for them, and that he paid the bill. It has been held that under such circumstances the bill, which ordinarily would constitute inadmissible hearsay, is nevertheless admissible for the limited purpose of corroborating plaintiff's testimony and showing that the charges were reasonable. [Citations.]" (Id. at p. 263.)
*1268 The reason for this rule is a recognition that a person who receives a bill has "every interest to dispute its accuracy or reasonableness if there is reason to do so. Thus, if a bill or invoice is paid, the court is assured of the accuracy and reasonableness of the charges." (Imperial Cattle Co., supra, 167 Cal. App.3d at p. 272.) (7) (See fn. 5.) We find this rule to be equally applicable in a cost proceeding pursuant to section 1034.[5]
According to section 1033.5, subdivision (c)(3), "[a]llowable costs must be reasonable in amount." The reasonableness of the expert costs is readily ascertainable from counsel's expert disclosure declaration which places the challenged services in context, as well as from the paid invoices themselves. In the absence of any information from appellants at the hearing on the motion to tax costs, which would have allowed the trial judge to determine otherwise, we conclude the court did not err in finding that the charges challenged on appeal were reasonable and necessary.

IV

DISPOSITION
The judgment of the trial court is affirmed.
Haerle, Acting P.J., and Lambden, J., concurred.
NOTES
[1] For clarity and where necessary to avoid repetition, we sometimes refer to appellants individually by their first names. No disrespect for appellants is intended.
[2] All further undesignated statutory references are to the Code of Civil Procedure.
[3] All further undesignated rule references are to the California Rules of Court.
[4] Section 2034 provides for the exchange of expert trial witness information between parties to an action. Subdivision (f) regulates the manner of exchange and specifically requires that the shared information be in a writing containing the name and address of any person whose expert opinion that party expects to offer in evidence at trial. Further, if a witness qualifies as an expert under the statute, the exchange shall include an expert witness declaration signed by the attorney designating the expert. The declaration must reference the qualifications of the expert, the general substance of the testimony that the expert is expected to give, the expert's familiarity with the action such that he or she can be meaningfully deposed, and the expert's hourly and daily fees for services related to the preparation and trial of the matter.
[5] Even absent this limited exception to the hearsay rule, appellants fail to cite any authority to support their contention that documentation submitted by the party in a section 1034 proceeding must comply strictly with the Evidence Code. We find nothing in the statute that would so require. (Bach, supra, 215 Cal. App.3d at p. 308.) Indeed, given the abbreviated nature of most proceedings challenging costs, it would appear inconsistent with this statutory scheme to require declarations from vendors and experts to demonstrate further entitlement to cost recovery.

In light of the breadth of costs recoverable under section 1033.5, to accept appellants' position would require the parties and the court, even in cases of relatively modest size, to submit and consider declarations or other forms of testimonial evidence from court reporters, videotapers, expert witnesses, providers of demonstrative evidence, and perhaps even investigators to support the reasonable necessity for each cost item. (See § 1033.5, subds. (a), (b)(2) and (4).) Not only would this requirement impose an intolerable burden on civil litigants which ignores the practical limits of litigation practice, but it is also wholly unnecessary where appellants themselves made no comparable showing which would cast doubt on the legitimacy of the challenged cost items.