Filed 6/17/15  Horn v. Rand CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| STEVEN J. HORN, | B255051 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC474177) |
| v. | |
| MICHAEL J. RAND, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles, Michael Johnson, Judge.  Affirmed.

Law Offices of Howard A. Kapp and Howard A. Kapp for Plaintiff and Appellant.

Reback, McAndrews, Kjar, Warford, Stockalper & Moore, James J. Kjar, Cindy A. Shapiro, Michael H. Cooper, for Defendant and Respondent.

_____

Plaintiff and Appellant Steven J. Horn appeals from the trial court's postjudgment order awarding defendant and respondent Michael J. Rand expert witness fees under Code of Civil Procedure section 998.[1] Prior to trial, Horn failed to accept Rand's section 998 offer to settle Horn's legal malpractice claim or accept Rand's offer to settle on his cross-complaint for unpaid attorney fees. The cross-complaint was later dismissed without prejudice at trial. The jury returned a verdict finding Rand was not negligent in his legal representation of Horn. Rand filed a memorandum of costs seeking, among other expenses, expert witness fees as Horn failed to obtain a judgment more favorable than his section 998 offer.

Horn contends on appeal that the trial court abused its discretion in awarding Rand expert witness fees because (1) the section 998 offer was made in bad faith and (2) the trial court should have concurrently considered Rand's section 998 offer on the cross-complaint in determining whether Rand's offer to settle on the complaint was reasonable. We conclude Rand's section 998 offer on the complaint was reasonable and made in good faith. Moreover, the trial court did not abuse its discretion in determining that the two concurrently served section 998 offers were not "one offer," as Horn suggests. We therefore affirm the postjudgment order.

## PROCEDURAL HISTORY[2]

Horn's complaint alleged a single claim of legal malpractice against Rand for his representation of Horn in a prior legal malpractice action. Rand answered the complaint

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise noted.

[2] We only recount the procedural history as the facts at trial are not relevant to the issues raised on appeal.

and filed a cross-complaint seeking approximately $75,000 in unpaid attorney fees. Horn answered the cross-complaint.

Prior to trial, Rand served Horn with a section 998 offer to settle the complaint for $25,000. The offer stated in pertinent part: "Defendant, MICHAEL J. RAND, in his capacity as Defendant only, hereby offers to compromise the herein Complaint, only, brought by Plaintiff STEVEN J. HORN, in his capacity as Plaintiff only, for the single total sum of Twenty Five Thousand Dollars and 00/Cents ($25,000.00). Through this Offer, Plaintiff and Defendant agree to bear their own attorneys' fees and costs related solely to Plaintiff's Complaint." It went further on to state that, "This offer is unrelated to, and does not in any way affect the Cross-Complaint herein by Cross-Complainant, MICHAEL J. RAND, as against Cross-Defendant, STEVEN J. HORN."

That same day, Rand served a section 998 offer to settle the cross-complaint for $59,900. The offer stated in pertinent part: "Cross-Complainant, MICHAEL J. RAND, . . . in his capacity as Cross-Complainant, only, offers to have judgment entered under . . . section 998 in favor of Cross-Complainant, MICHAEL J. RAND, . . . and against Cross-Defendant[], STEVEN J. HORN . . . in the amount of Fifty Nine Thousand Nine Hundred Dollars and 00/Cents ($59,900.00). [¶] Each party shall bear [his] own attorney fees and costs related solely to the Cross-Complaint." The offer on the complaint was served by Rand's counsel, while the offer on the cross-complaint was served by Rand in propria persona. Horn never responded to either offer, both of which expired by operation of law 30 days later. (See § 998.)

At trial, Rand voluntarily moved to dismiss the cross-complaint without prejudice. The trial court dismissed Rand's cross-complaint and only Horn's legal malpractice claim proceeded to trial. The jury returned a verdict in favor of Rand and against Horn, making an affirmative finding that Rand was not negligent in his representation of Horn on the underlying malpractice case. The trial court entered judgment in favor of Rand and ordered Horn to take nothing. The notice of entry of judgment was filed.

Rand filed his memorandum of costs reflecting total claimed costs of $100,898.09,

which included $65,476 in expert witness fees pursuant to section 998.[3] Horn filed a motion to strike Rand's memorandum of costs, or alternatively, to tax costs. Horn argued that Rand's section 998 offer "was merely a 'token' offer and was not made in good faith or with the intent to settle." He further argued, "[t]he offer was nothing more than a litigation tactic made solely in an effort to seek expert witness fees . . . ."

In his opposition to the motion to tax, Rand contended $25,000 is hardly a token offer when the jury returned a verdict against Horn and found that Horn was entitled to take nothing. The result of the trial constituted prima facie evidence that the offer was reasonable. Additionally, Rand's $25,000 offer was made less than three months before trial, "after the case had been pending for nearly a year and a half, after substantial discovery and deposition, and after expert consultation, review, analysis, and opinion."

In his reply, Horn argued the offer was not made in good faith because "based upon these facts, in order to accomplish the objective of [section 998] and end the litigation, [Horn] would have been required to accept the 'package deal.' He would have had to accept [Rand]'s offer of $25,000.000, and then accept the offer on the cross-complaint for the sum of $59,900.00 thereby paying to [Rand] the net out-of-pocket sum of $34,900.00."

At the hearing on Horn's motion to tax costs, Horn's counsel argued the section 998 offer of $25,000 on the complaint was not reasonable because the trial court denied Rand's summary judgment motion and sustained "every single one of [Horn's evidentiary] objections." He further agued the section 998 offer represents seven percent of the damages alleged in the complaint. The trial court ruled that Horn's argument had no merit. The court explained that "[t]he purpose of [section] 998 would have been served even if Rand's offer did not completely end the case; judgment on Horn's malpractice claim would have eliminated a major claim and narrowed the trial considerably. Additionally, Horn offers no persuasive explanation as to why Rand's

---

[3] Horn also filed a memorandum of costs on the cross-complaint and Rand filed a motion to strike Horn's memorandum of costs. However, that is not at issue on appeal.

4

offer was unreasonably low.  Indeed, the trial result is prima facie evidence that the offer was reasonable.  See *Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1264.  Rand is entitled to expert witness fees."  Horn filed a timely notice of appeal from the court's postjudgment order.

While this appeal was pending, we affirmed the judgment in favor of Rand and against Horn for the legal malpractice action.  (*Horn v. Rand* (Mar. 9, 2015, B252044) [nonpub. opn.].)

## DISCUSSION

### *Legal Principles*

Section 998 grants the trial court discretion to award expert witness fees to a defendant when the plaintiff rejects the defendant's reasonable pretrial settlement offer and fails to obtain a more favorable judgment.[4]   (§ 998, subd. (c)(1).)  Section 998's purpose is to encourage pretrial settlements ""'by providing a strong financial disincentive to a party . . . who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer."  [Citation.]'  (*Mesa Forest Products, Inc. v. St. Paul Mercury Ins. Co.* (1999) 73 Cal.App.4th 324, 330.)"  (*People ex rel. Lockyer v. Fremont General Corp.* (2001) 89 Cal.App.4th 1260, 1270-1271; see *Hartline v. Kaiser Foundation Hospitals* (2005) 132 Cal.App.4th 458, 470-471 (*Hartline*).)

---

[4] Section 998, subdivision (c)(1), provides as follows:  "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer.  In addition, . . . the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant."

"To effectuate the purpose of the statute, a section 998 offer must be made in good faith to be valid. (*Wear v. Calderon* (1981) 121 Cal.App.3d 818, 821 [].) Good faith requires that the pretrial offer of settlement be 'realistically reasonable under the circumstances of the particular case. Normally, therefore, a token or nominal offer will not satisfy this good faith requirement, . . .' (*Id.* at p. 821.) The offer 'must carry with it some reasonable prospect of acceptance. [Citation.]' (*Elrod v. Oregon Cummins Diesel, Inc.* (1987) 195 Cal.App.3d 692, 698 (*Elrod*).) One having no expectation that his or her offer will be accepted will not be allowed to benefit from a no-risk offer made for the sole purpose of later recovering large expert witness fees. (*Pineda v. Los Angeles Turf Club, Inc.* (1980) 112 Cal.App.3d 53, 63 [].)" (*Jones v. Dumrichob, supra,* 63 Cal.App.4th at pp. 1262-1263.)

The reasonableness of a section 998 offer is judged by examining the circumstances existing at the time the offer was made. (*Hartline, supra,* 132 Cal.App.4th at p. 471, citing *Elrod, supra,* 195 Cal.App.3d at p. 699.) "Whether an offer to compromise is made in good faith, however, cannot be measured by the amount of claimed damages or a party's subjective belief in the case's value. An offer to compromise may be 'realistically reasonable' and justify cost shifting even though the party receiving the offer is unlikely to accept it as a consequence of the party's skewed valuation of the case." (*Essex Ins. Co. v. Heck* (2010) 186 Cal.App.4th 1513, 1530 (*Essex*).) "'[W]hen a party obtains a judgment more favorable than its pretrial offer, [the offer] is presumed to have been reasonable and the opposing party bears the burden of showing otherwise.' (*Thompson v. Miller* (2003) 112 Cal.App.4th 327, 338-339; accord, *Hartline*[*, supra,*] at p. 471.)" (*Essex, supra,* at p. 1528.)

"'"Whether a section 998 offer was reasonable and made in good faith is left to the sound discretion of the trial court." [Citation.] "In reviewing an award of costs and fees under . . . section 998, the appellate court will examine the circumstances of the case to determine if the trial court abused its discretion in evaluating the reasonableness of the offer or its refusal." [Citation.] '"The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a

6

miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power. [Citations.]"' [Citation.]' [Citation.]" (*Essex, supra,* 186 Cal.App.4th at pp. 1528-1529.)

*Analysis*

Horn contends the section 998 offer on the complaint for $25,000 was unreasonably low and was no more than "gamesmanship" on the part of Rand. He also contends Rand's section 998 offer on the cross-complaint should have been considered with the offer on the complaint as "one offer" for the purposes of determining whether the offer was reasonable. We disagree.

In evaluating the reasonableness of a section 998 settlement offer, courts must look to how well the offer approximates the amount the defendant would pay if found liable, discounted by an appropriate factor for the plaintiff's likelihood of success. (*Thompson v. Miller, supra,* 112 Cal.App.4th at p. 339, fn. 4.) "[A] '"modest settlement offer" may be in good faith if it is believed the defendant has a significant likelihood of prevailing at trial.' (*Jones* [*v. Dumrichob*]*, supra,* 63 Cal.App.4th at p. 1264.)" (*Essex, supra,* 186 Cal.App.4th at p. 1529.) For example, a defendant's offer to waive costs can be a reasonable, good faith settlement offer under section 998 when a plaintiff's claims have little likelihood of success. (See, e.g., *Essex,* at pp. 1528–1530; *Jones v. Dumrichob, supra,* 63 Cal.App.4th at pp. 1263-1264; *Hartline, supra,* 132 Cal.App.4th at pp. 471-473.)

Horn makes no attempt to address his likelihood of success despite bearing the burden to show the trial court abused its discretion in finding the offer was reasonable. (*Essex, supra,* 186 Cal.App.4th at p. 1529; *Jones v. Dumbrichob, supra,* 63 Cal.App.4th at p. 1264.) Horn contends the section 998 offer on the complaint was unreasonable because the trial court denied Rand's motion for summary judgment and sustained Horn's evidentiary objections to all of the opinions proffered in the declaration of Rand's expert witness. However, these circumstances are of little importance because Rand's section

7

998 offer to settle was served *after* the court's ruling. (*Hartline, supra,* 132 Cal.App.4th at p. 471 [a section 998 offer's reasonableness must be judged by examining the circumstances existing at the time the offer was made].) Moreover, the trial court also denied Horn's motion for summary judgment that same day. Without more evidence demonstrating the likelihood of success of his legal malpractice claim at the time of the section 998 offer, we hold the trial court did not abuse its discretion in finding Rand's offer reasonable.

Horn further contends that the offer was unreasonable low because it was only seven percent of his alleged damages in his complaint. This contention has no merit. Horn argues but for Rand's negligence in his prior legal malpractice action, he would not have been ordered to pay the opposing party over $400,000 in attorney fees. However, whether an offer to compromise is made in good faith cannot be measured merely by the amount of claimed damages. (See *Essex, supra,* 186 Cal.App.4th at p. 1530.) Here, the trial judge heard all of the evidence and was certainly in the best position to evaluate Rand's $25,000 offer to Horn and conclude that it was reasonable. The court's ruling expressly stated: "This was a very problematic case for Mr. Horn. He kept losing at every turn; and in this case, he had an extraordinary uphill battle. So under all those circumstances, the offer was reasonable." The legal malpractice action resulted in a verdict against Horn on the issue of liability. For that reason alone, the offer must be regarded as prima facie reasonable. (*Jones v. Dumbrichob, supra,* 63 Cal.App.4th at p. 1264 [appellate court is not obligated to ignore the fact that the respondent prevailed at trial, noting the trial result constitutes "prima facie evidence that the offer was reasonable" and the burden is on the appellant to prove otherwise].)

Horn dedicates much of his appellate briefs to the argument that the section 998 offer on the complaint and cross-complaint should have been considered "one offer" in determining its reasonableness. Horn's fails to cite any case law to support his contention and we find the case law inapposite to his position. Generally, a complaint and cross-complaint are treated as independent actions. (*Westamerica Bank v. MBG Industries, Inc.* (2007) 158 Cal.App.4th 109, 134.) Therefore, the resolution of Horn's

legal malpractice action against Rand was not dependent upon a resolution of Rand's cross-complaint for unpaid attorney's fees. (*Id.* at p. 132.) Section 998 does require a global settlement that resolves both a complaint and cross complaint. (See *Id.* at p. 130.) It is undisputed that one of Rand's section 998 offers addressed only the complaint while the other addressed only the cross-complaint. Neither of the section 998 offers were contingent on the other and each offer was valid to trigger the provisions of section 998 as to a separate action. We hold the trial court did not err in only considering Rand's section 998 offer on the complaint when evaluating his expert witness fees.

## DISPOSITION

The postjudgment order is affirmed. Costs on appeal are awarded to defendant and respondent Michael J. Rand.


KRIEGLER, J.


We concur:



TURNER, P. J.



KIRSCHNER, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.