Filed 1/15/16  Reuser v. County of Humboldt CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MERLE REUSER, et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>COUNTY OF HUMBOLDT,<br><br>        Defendant and Respondent. | A142633<br><br>(Humboldt County<br>Super. Ct. No. DR070176, DR070402) |

Plaintiffs sued the County of Humboldt for maintaining a dangerous condition of public property after they crashed their motorcycles while riding together on a hilly road and were injured.  A jury eventually concluded that the County was not liable.  This appeal raises two discrete issues concerning the award of costs after trial:  whether the trial court abused its discretion in awarding $12,028.33 in expert witness fees pursuant to Code of Civil Procedure section 998,[1] where the offer to compromise was for dismissal with prejudice in return for a waiver of costs; and whether the trial court abused its discretion in holding plaintiffs jointly and severally liable for all of the costs awarded to the County, rather than apportioning costs equally among the plaintiffs.

We hold that the trial court abused its discretion in awarding costs under section 998, and will modify the judgment accordingly.  We also hold that the trial court did not abuse its discretion in holding plaintiffs jointly and severally liable for the remaining costs, and will affirm that portion of the judgment.

_____

[1] All further undesignated statutory references are to the Code of Civil Procedure.

# FACTUAL AND PROCEDURAL BACKGROUND

Because of the limited nature of this appeal, we set forth the facts only briefly. In June 2006, plaintiffs Merle Reuser, Patrick Fairlee, Ryan McAuley, and Mark Zimmerschied were riding their motorcycles together in an unincorporated area of Humboldt County when they crashed. In two separate lawsuits that were filed in March and May 2007, and eventually consolidated for trial, the four plaintiffs sued the County of Humboldt (the County) for premises liability, claiming that their motorcycle crash was caused by dangerous conditions on the roadway that the County had prior notice of but failed to remedy.[2]

On March 31, 2008, the County served each plaintiff with an offer to compromise pursuant to section 998 (998 offer) for a dismissal of plaintiffs' cases with prejudice in return for a waiver of costs by the County. Fairlee, McAuley, and Zimmerschied rejected the offers on April 9. Reuser, who was represented by separate counsel at the time, never responded to the County's offer.

The case proceeded to trial in January 2014, by which time all four plaintiffs were represented by the same attorney. The jury returned special verdicts against each plaintiff, finding that the location in question did not constitute a dangerous condition of public property at the time of the crash.

After judgment was entered in its favor, the County submitted a memorandum of costs, seeking $12,028.33 in expert witness fees pursuant to section 998, and $14,221.50 in other costs pursuant to section 1032.[3] Plaintiffs moved to strike and tax the County's memorandum of costs. They argued, among other things, that the expert witness fees should be stricken because the County's 998 offers were made in bad faith. They also

---

[2] Reuser filed a complaint in March 2007. Fairlee, McAuley, and Zimmerschied filed a separate complaint in May 2007, and an amended complaint in June 2007. The two cases were consolidated for trial in November 2007.

[3] Section 1032 allows a prevailing party to recover certain costs "as a matter of right." (§ 1032, subd. (b).) Expert witness fees are not recoverable costs under section 1032 (see § 1033.5, subd. (b)(1)), but as we explain below, they can be awarded under section 998 in certain circumstances.

argued that the trial court should apportion any costs it awarded equally among the plaintiffs, instead of holding them jointly and severally liable for the costs.

The trial court denied plaintiffs' motion (except for taxing approximately $494.94 in section 1032 costs that are not at issue on appeal). In refusing to strike the County's expert witness fees, the trial court noted that the 998 offers were presumptively reasonable because the jury returned a defense verdict, and that plaintiffs did not meet their burden of rebutting the presumption of reasonableness. The trial court also ruled that plaintiffs were jointly and severally liable for all of the costs awarded to the County.

Plaintiffs timely filed this appeal.

## DISCUSSION

A.    *The Trial Court Abused Its Discretion in Awarding Expert Witness Fees.*

Plaintiffs argue that the trial court abused its discretion by awarding expert witness fees to the County because the 998 offers were not reasonable and in good faith.

Section 998 provides that "[n]ot less than 10 days prior to commencement of trial . . . any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (§ 998, subd. (b).) The version of section 998 in effect at the time of the 998 offers provided that "[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, . . . the court . . . , in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses" that were incurred preparing for trial or during trial.[4] (§ 998, subd. (c)(1).)

To effectuate section 998's purpose of encouraging pretrial settlements, "a section 998 offer must be made in good faith to be valid." (*Jones v. Dumrichob* (1998) 63

---

[4] Section 998 was amended effective January 1, 2016, to provide that a trial court "may require the plaintiff to pay a reasonable sum to cover *postoffer* costs of the services of expert witnesses." (§ 998, subd. (c)(1), emphasis added.) This amendment, which has no effect on the outcome of this appeal, was made to "clarify that this provision requires a plaintiff to cover only expert witness costs that arose postoffer." (Legis. Counsel's Dig., Assem. Bill No. 1141 (2015-2016 Reg. Sess.)

3

Cal.App.4th 1258, 1262.) To be in good faith, there must be "some reasonable prospect of acceptance." (*Elrod v. Oregon Cummins Diesel, Inc.* (1987) 195 Cal.App.3d 692, 698.) The reasonableness inquiry involves two steps. The first step involves analyzing whether "the offer represents a reasonable prediction of the amount of money, if any, defendant would have to pay plaintiff following a trial, discounted by an appropriate factor for receipt of money by plaintiff before trial, all premised upon information that was known or reasonably should have been known to the *defendant*." (*Ibid*.) "If the offer is found reasonable by the first test, it must then satisfy a second test: whether defendant's information was known or reasonably should have been known to plaintiff." (*Ibid.*) "[T]he reasonableness of defendant's offer does not depend on information actually known to plaintiff but rather on information that was known or reasonably should have been known." (*Id.* at p. 700.) A modest or "token" offer may be reasonable if an action is "completely lacking in merit." (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 134.)

"The decision whether a 998 offer was reasonable and in good faith lies within the discretion of the trial court, reversible only if we find an abuse of that discretion." *(Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 629.) Where, as here, "the offeror obtains a judgment more favorable than its offer, the judgment constitutes prima facie evidence showing the offer was reasonable and the offeror is eligible for costs as specified in section 998. The burden is therefore properly on plaintiff, as offeree, to prove otherwise." (*Elrod v. Oregon Cummins Diesel, Inc., supra*, 195 Cal.App.3d at p. 700.)

At bottom, plaintiffs' appeal boils down to the following question: Was there any reasonable prospect at the time the 998 offers were made that plaintiffs would accept an offer to, in effect, drop their cases and receive nothing in return? The answer is no, and it was not realistic to expect otherwise. Plaintiffs had suffered severe injuries as a result of the crash, including multiple fractures. Further, the accident reports prepared by the California Highway Patrol (CHP) officer who responded to the scene of the crash gave plaintiffs reason to believe that the County bore at least some responsibility for their

injuries. The reports described the crash site as having a "rapid drop off over which the left hand curve was not visible to the rider," and stated that there were "no signs on the approach warning of this compromised roadway condition." We doubt that a reasonable plaintiff in the circumstances of these litigants, knowing that a CHP officer had criticized the very roadway claimed to be a dangerous condition, would believe at this stage of the lawsuit that there was no chance of prevailing. (See *Wear v. Calderon* (1981) 121 Cal.App.3d 818, 821 [reversing award of section 998 costs and holding $1 token offer to plaintiff seeking "substantial sum" of damages for personal injuries sustained in automobile accident was unreasonable].)

The County argues that plaintiffs should not have believed they had any chance of prevailing because the same accident reports indicate that plaintiffs were at fault for the crash. Among other things, the CHP officer reported that plaintiff McAuley, the lead rider at the time of the crash, admitted he was riding "50 [mph] at least. Too fast." The officer also wrote that three of the plaintiffs "caused this collision by driving in violation of [Vehicle Code] section 22350—unsafe speed for conditions." These statements by the officer, even if true, would not be fatal to plaintiffs' case. "It has long been held that the negligence or lack of due care exhibited by a plaintiff-user of public property does not necessarily defeat his cause of action." (*Swaner v. City of Santa Monica* (1984) 150 Cal.App.3d 789, 799.)

The County also argues that its 998 offers to waive costs were reasonable because it was aware at the time of the offers that the crash site did not have a pattern of multiple accidents, and that plaintiffs should have discovered this information. However, the absence of past accidents is not dispositive of whether the County maintained a dangerous condition of public property. (See *Salas v. California Dept. of Transportation* (2011) 198 Cal.App.4th 1058, 1071 [absence of past accidents, while relevant, is not dispositive on issue of dangerousness].) Moreover, if the County knew there was no pattern of accidents in the past, there is nothing in the record to suggest that it shared this information when making its 998 offers. Had it done so, the County might have had a stronger argument that its 998 offers were reasonable.

5

The County also argues its offers to waive costs were reasonable because at the time it made the offers, it had obtained expert opinions from current and former County employees that the crash site was not a dangerous condition of public property. We find this argument unpersuasive in light of the County's concession during oral argument that expert discovery had not even commenced at the time the County made its 998 offers.

Without question, a 998 offer that amounts to a dismissal with prejudice in return for a waiver of costs may in certain circumstances constitute a reasonable offer. (E.g., *Jones v. Dumrichob, supra*, 63 Cal.App.4th at p. 1268.) But here, we believe it was beyond the trial court's discretion to conclude that the County's 998 offers were reasonable and in good faith. As such, we conclude that the trial court erred in awarding $12,028.33 in expert costs to the County under section 998, and we will strike these costs from the judgment.

B.    *The Trial Court Did Not Abuse Its Discretion in Holding Plaintiffs Jointly and Severally Liable for the Remaining Costs.*

Plaintiffs argue that the trial court erred by holding them jointly and severally liable for the County's remaining costs instead of apportioning costs equally among the four plaintiffs. According to plaintiffs, the trial court's ruling "unfairly" results in each plaintiff being responsible for all of the costs when some of the costs, such as costs for obtaining individual medical records and taking an individual plaintiff's deposition, were applicable only to a particular plaintiff. These costs were approximately $3,000 of the $13,726.56 awarded to the County.[5]

A trial court has discretion to apportion costs among multiple parties. (*Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370, 1374.) However, "in most cases where a defendant is entitled to costs as of right because plaintiffs took nothing in their joint action, there will be nothing to apportion. The costs are joint and several because the

_____

[5] Plaintiffs requested that we take judicial notice of "documents related to the County of Humboldt's recording of an Abstract of Judgment in the Mendocino County Office of Clerk-Recorder[.]" We have reviewed the request and conclude that it would have no effect on the outcome of this appeal if granted, and deny the request on that ground.

plaintiffs joined together (represented by the same attorney) in a single theory of liability against a defendant who prevailed. It is up to the plaintiffs in a motion to tax costs to point out that some costs are not related to the joint theory of liability, but are specific to a particular plaintiff, and it is therefore not fair to include these in a joint award." (*Id.* at p. 1376.)

Here, plaintiffs causes of action were based on the identical theory that the County maintained a dangerous condition of public property. Their cases were tried together before the same jury and by the same attorney. Plaintiffs have identified only a small portion of the total costs—approximately $3,000—that they claim apply to certain plaintiffs individually. Plaintiffs, however, have not explained how even this small portion of the costs was unrelated to their joint theory of liability. Plaintiffs, therefore, have not shown that the trial court abused its discretion by holding them jointly and severally liable for the County's costs instead of apportioning the costs equally.

## DISPOSITION

The judgment is modified by striking the award of $12,028.33 in expert witness fees. As so modified, the judgment is affirmed. The parties shall bear their own costs on this appeal.

                                        _____
                                        Miller, J.


We concur:


_____
Kline, P.J.


_____
Richman, J.

8