Filed 6/3/25  Carig v. Logan CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| REVELYN B. CARIG et al., | |
| Plaintiffs and Appellants, | G064098 |
| v. | (Super. Ct. No. 30-2021-01215718) |
| DANIEL J. LOGAN, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Lee Gabriel, Judge. Affirmed.

Law Offices of William W. Green & Associates, and Michael P. O'Sullivan, for Defendant and Appellant.

McNeil Tropp & Braun, Jeff I. Braun, and Kendall L. Craver, for Plaintiffs and Respondents.

Following a traffic accident, appellants Revelyn B. Carig and Edmundo Carig (the Carigs) sued respondent Daniel J. Logan for negligence. Subsequently, the Carigs rejected two Code of Civil Procedure section 998[1] offers by Logan. After a jury found Logan not negligent, he filed a motion seeking postoffer costs, including $21,084 for expert fees. The Carigs objected, arguing the costs should not be calculated from the time of the first section 998 offer, because that offer was not made in good faith. The trial court disagreed and the Carigs appealed. As discussed below, we conclude the Carigs have not shown the first section 998 offer was invalid. Accordingly, we affirm.

STATEMENT OF THE CASE

On October 26, 2023, Logan filed a Memorandum of Costs, seeking $42,024.92, including $21,084 for expert fees. The Carigs objected to the expert fees and other costs, filing a Motion to Strike or Tax Costs. As to the expert fees, Carigs argued some of the fees were incurred before the time of Logan's section 998 offer.

In response, Logan noted he served a section 998 offer in the amount of "waiver of costs" on May 2, 2022. He asserted all of the expert fees were incurred after May 2022. He also noted the jury returned a verdict in his favor, finding him not negligent for the traffic accident.

In reply, the Carigs noted Logan had made two section 998 offers, the first on May 2, 2022, and the second on May 30, 2023. They argued the first section 998 offer was not valid because the offer of "waiver of costs" was "neither reasonable nor made in good faith."

---

[1] All further statutory references are to the Code of Civil Procedure, unless stated otherwise.

2

In a sur-reply, Logan argued the first section 998 offer was reasonable and made in good faith "in light of the traffic collision report placing Plaintiff [Revelyn B. Carig] at fault for the accident which the jury later concluded as well."

Following a hearing, the trial court denied the Carigs' request to tax the expert fees.[2] The court found the first section 998 offer was made in good faith and reasonable because "the offers were based on [Logan's] assessment that he was fault free and would prevail at trial."

A judgment in favor of Logan, incorporating an award of costs, was entered May 2, 2024. The Carigs appealed. They designated the clerk's transcript as part of the record on appeal, but chose to proceed without a record of the oral proceedings.

DISCUSSION

Section 998, subdivision (c)(1) provides that, "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover their postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant."

---

[2] The trial court granted the Carigs' request to tax $8,385 in court reporter fees, which Logan does not challenge on appeal.

"Where, as here, a [defendant] serves two unaccepted and unrevoked statutory offers, and the [plaintiffs] fail[ ] to obtain a judgment more favorable than either offer, the trial court retains discretion to order payment of expert witness costs incurred from the date of the first offer." (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1026.)

"[I]n order to accomplish the legislative purpose of encouraging settlement of litigation without trial [citation], a good faith requirement must be read into section 998. In other words, the pretrial offer of settlement required under section 998 must be realistically reasonable under the circumstances of the particular case." (*Wear v. Calderon* (1981) 121 Cal.App.3d 818, 821 (*Wear*); see *Regency Outdoor Advertising, Inc. v. City of Los Angeles* (2006) 39 Cal.4th 507, 531 ["Assuming without deciding" that section 998 has a good faith requirement], superseded by statute on other grounds as stated in *Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 520, fn. 4.)

"Normally, . . . a token or nominal offer will not satisfy th[e] good faith requirement." (*Wear*, *supra*, 121 Cal.App.3d at p. 821.) However, a "'modest settlement offer' may be in good faith if it is believed the defendant has a significant likelihood of prevailing at trial." (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1264 (*Jones*); see also *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 134 ["Even a modest or 'token' offer may be reasonable if an action is completely lacking in merit"].) "Whether an offer to compromise is made in good faith, however, cannot be measured by the amount of claimed damages or a party's subjective belief in the case's value. An offer to compromise may be 'realistically reasonable' and justify cost shifting even though the party receiving the offer is unlikely to accept it as a consequence of the party's skewed valuation of the case." (*Essex Ins. Co. v. Heck* (2010) 186

4

Cal.App.4th 1513, 1530.) Accordingly, "[w]here, as here, the offeror obtains a judgment more favorable than its offer, the judgment constitutes prima facie evidence showing the offer was reasonable and the offeror is eligible for costs as specified in section 998. The burden is therefore properly on [the] offeree, to prove otherwise." (*Elrod v. Oregon Cummins Diesel, Inc.* (1987) 195 Cal.App.3d 692, 700; accord *Jones, supra,* 63 Cal.App.4th at p. 1264 ["In fact, the trial result itself constitutes prima facie evidence that the offer was reasonable, and the burden of proving an abuse of discretion is on appellants, as offerees, to prove otherwise"].)

Additionally, "'[w]hether a section 998 offer was reasonable and made in good faith is a matter left to the sound discretion of the trial court, and will not be reversed on appeal except for a clear abuse of discretion.'" (*Najera v. Huerta* (2011) 191 Cal.App.4th 872, 877.) Similarly, "[w]e generally apply the abuse of discretion standard of review when evaluating a ruling on a motion to tax costs . . . . [Citation.] Under the abuse of discretion standard, "'[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'"" (*G.F. Galaxy Corp. v. Johnson* (2024) 100 Cal.App.5th 542, 551.)

In this case, no abuse of discretion has been shown. The trial court was entitled to infer reasonableness from the jury verdict. The Carigs have not overcome this presumption of reasonableness. The Carigs' sole legal argument is that *Wear, supra,* 121 Cal.App.3d 818, is "directly on point," but that case is distinguishable. In *Wear,* the plaintiff Wear was involved in an accident with two other automobiles. A jury awarded Wear $18,500 in damages against the driver of one of the other vehicles, and Wear sued the remaining driver Calderon. (See *Wear, supra,* 121 Cal.App.3d at p. 821.)

5

Calderon made a section 998 offer of $1, which the appellate court found did not satisfy the good faith requirement. (*Wear*, *supra*, at p. 822.) In light of Wear's recovery against the other driver and the nominal value of Calderon's offer, it was not realistically reasonable that Wear would accept the $1 offer. In contrast, here, no third driver was involved, and thus the Carigs had no jury's evaluation of the likely merit of their case. More important, unlike the $1 offer in *Wear*, "respondent's offer [waiving costs only] demonstrably did have significant monetary value." (*Jones*, *supra*, 63 Cal.App.4th at p. 1263.) "[R]espondent's offer carried a significant value to appellants because, if accepted, it would have eliminated appellants' exposure to the very costs which are the subject of this appeal, a sum appellants can hardly claim now to be de minimis." (*Id.* at p. 1264.)

In addition, "appellants' failure to designate the reporter's transcript of the trial as part of the record on appeal leaves this court with no evidence upon which to base a finding that the trial court abused its discretion in determining that respondent's section 998 offer was reasonable. Given this omission, and unlike the trial judge, we are unable to evaluate independently the strength of appellants' case on the merits. Therefore, on this record, it would be speculative to make that assessment ourselves, or to reject the trial court's judgment." (*Jones*, *supra*, 63 Cal.App.4th at p. 1264.)

DISPOSITION

The judgment is affirmed. Logan is entitled to recover his costs on appeal.

DELANEY, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.